UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────────────X

CHUNYUNG CHENG and SHIGUANG CHEN
Individually and on Behalf of All Other Employees
Similarly Situated,

     *Plaintiff(s)*,

-against-

VIA QUANDRONNO LLC, VIA QUADRONNO
88 STREET, ANTICA BOTTEGA DEL VINO,
"JOHN" LAM a/k/a KC LAM, YONG "DOE",
and John Doe and Jane Doe

     *Defendant(s)*,
──────────────────────────────────────────X

Index Number:

**29 U.S.C. § 216(B)
COLLECTIVE ACTION AND
RULE 23 CLASS ACTION**

Plaintiffs Chunyung Cheng and Shiguang Chen ("Plaintiffs"), on their own behalf and on behalf of all others similarly situated, by and through their undersigned attorneys, Hui Chen & Associates, PLLC, hereby files this complaint against the Defendants Via Quadronno LLC, Via Quadronno 88 Street, Antica Bottega Del Vino, "John" Lam a/k/a KC Lam, Yong "Doe", and John Doe and Jane Doe (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1. This is an action brought by Plaintiff on their own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of

1

failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4. Plaintiff further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") and New York Common law that they are entitled to recover from the Defendants: (1) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (2) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL; (3) liquidated damages equal to the sum of unpaid overtime compensation pursuant to the NY Wage Theft Prevention Act, (4) prejudgment and post-judgment interest; and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7. Plaintiff Chunyung Cheng (hereinafter referred to as "Plaintiff Cheng") is a resident of Kings County New York and was employed as a Chef by Defendants Via Quadronno LLC, and John Doe and Jane Doe, which operates a Restaurant at 25 East 73rd Street, New York, NY 10021.

8. Plaintiff Shiguang Chen (hereinafter referred to as "Plaintiff Chen") is a resident of Queens County New York and was employed as a Chef by Defendants Via Quadronno LLC, and John Doe and Jane Doe, which operates a Restaurant at 25 East 73rd Street, New York, NY 10021.

## CORPORATE DEFENDANTS

### *Entity Defendant – VIA QUADRONNO LLC*

9. Upon information and belief, Corporate Defendant, Via Quadronno LLC. ("Via Quadronno"), is a domestic New York business corporation organization that is incorporated on May 28, 1998 with a principal place of business at 25 East 73rd Street, New York, NY 10021.

10. Upon information and belief, at all times relevant hereto, Via Quadronno, is a business or enterprise engaged in interstate commerce employing more than eleven (11) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

11. Upon information and belief, at all relevant times hereto, Via Quadronno, have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

12. Via Quadronno constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

3

13. Via Quadronno has been Plaintiff's employer within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

### ENTITY DEFENDANT - VIA QUADRONNO 88 STREET

14. Upon information and belief, Corporate Defendant, Via Quadronno 88 Street. ("Via 88 Street"), is a domestic New York business corporation with a principal place of business at 1228 Madison Avenue, New York, NY 10128.

15. Upon information and belief, at all times relevant hereto, Via 88 Street, is a business or enterprise engaged in interstate commerce employing more than eleven (11) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

16. Upon information and belief, at all relevant times hereto, Via 88 Street, have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

17. Via 88 Street constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

18. Via 88 Street has been Plaintiff's employer within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

### ENTITY DEFENDANT – ANTICA BOTTEGA DEL VINO

19. Upon information and belief, Corporate Defendant, Antica Bottega del Vino. ("Antica Bottega"), is a domestic New York business corporation with a principal place of business at 7 E 59th Street, New York, NY 10022.

20. Upon information and belief, at all times relevant hereto, Antica Bottega, is a business or enterprise engaged in interstate commerce employing more than eleven (11) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

21. Upon information and belief, at all relevant times hereto, Antica Bottega, have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

22. Antica Bottega constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

23. Antica Bottega has been Plaintiff's employer within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

**INDIVIDUAL DEFENDANTS**

24. Upon information and belief, "John" Lam a/k/a KC Lam, Yong "Doe", and John Doe and Jane Doe are the owners, officers, directors and/or managing agents of Via Quadronno located at 25 East 73rd Street, New York, NY 10021, Via 88 Street located at 1228 Madison Avenue, New York, NY 10128, and Antica Bottega located at 7E 59th Street, New York, NY 10022, and participated in the restaurants' day-to-day operations, acted intentionally and maliciously, are an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Via Quadronno, Via 88 Street, and Antica Bottega.

25. Upon information and belief, Defendants "John" Lam a/k/a KC Lam, Yong "Doe", and John Doe and Jane Doe, manages and makes all business decisions including but not limited to the amount in salary the employee will receive, and the number of hours employees will work.

26. At all times relevant herein, "John" Lam a/k/a KC Lam, Yong "Doe", and John Doe and Jane Doe, were, and continue to be, an "employer" within the meaning of FLSA.

27. At all times relevant herein, Via Quadronno, Via 88 Street, and Antica Bottega were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

28. At all relevant times, the work performed by Plaintiffs were directly essential to the business operated by Via Quadronno, Via 88 Street, and Antica Bottega.

29. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation and failed to provide them a wage notice at the time of hiring in violation of the NYLL.

30. Plaintiffs has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

31. Defendants committed the following alleged acts knowingly, intentionally and willfully.

32. Defendants knew that the nonpayment of overtime pays and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

33. Plaintiffs were not given any fixed breaks or meal time.

34. From on or about May 24, 2004 to on or about October 23, 2009, Plaintiff Cheng was hired by Defendants as a chef at Defendants' Restaurant Via Quadronno located at 25 East 73rd Street, New York, NY 10021.

35. From on or about October 24, 2009 to on or about August 31, 2014, Plaintiff Cheng was hired by Defendants as a chef at Defendants' Restaurant Antica Bottega located at 7 E 59th Street, New York, NY 10022.

36. From on or about September 1, 2014 to on or about January 7, 2018, Plaintiff Cheng was hired by Defendants as a chef at Defendants' Restaurant Via 88 Street located at 1228 Madison Avenue, New York, NY 10128.

37. From on or about May 24, 2004 to on or about August 29, 2004, Planitiff Cheng was paid at a rate of Ten Dollars ($10) per hour.

38. From on or about August 30, 2004 to on or about June 11, 2006, Plaintiff Cheng was paid at a rate of Fifteen Dollars ($15) per hour.

39. From on or about June 11, 2006 to on or about October 23, 2009, Plaintiff Cheng was paid at a rate of Seventeen Dollars ($17) per hour.

40. From on or about October 24, 2009 to on or about June 27, 2014, Plaintiff Cheng was paid at a rate of Twenty Dollars ($20) per hour.

41. From on or about June 28, 2014 to on or about October 6, 2014, Plaintiff Cheng was paid with a flat wage of Eight Hundred Fifty Dollars ($850) per week.

42. From on or about October 7, 2014 to on or about January 7, 2018, Plaintiff Cheng was paid with a flat wage of One Thousand Dollars ($1,000) per week.

43. From on or about January 8, 2018 to on or about January 5, 2020, Plaintiff Cheng was paid with a flat wage of One Hundred Eighty Dollars ($180) per day.

44. From on or about January 6, 2020 to March 16, 2020, Plaintiff Cheng was paid with a flat wage of One Thousand Dollars ($1,000) per week.

45. From on or about May 24, 2004 to on or about January 7, 2018, Plaintiff Cheng worked from approximately 6:20AM to 3:20PM for every work day.

46. From on or about January 8, 2018 to on or about March 16, 2020, Plaintiff Cheng worked from approximately 10AM to 6PM for every work day.

47. From on or about May 24, 2004 to on or about October 23, 2009, Plaintiff Cheng worked six to seven days per week, for an average of 56.25 hours per week.

48. From on or about October 24, 2009 to on or about July 10, 2016, Plaintiff Cheng worked five days per week, for an average of 45 hours per week.

49. From on or about July 11, 2016 to on or about January 7, 2018, Plaintiff Cheng worked four days per week, for an average of 36 hours per week.

50. From on or about January 8, 2018 to on or about April 8, 2018, Plaintiff Cheng worked four to five days per week, for an average of 40.5 hours per week.

51. From on or about April 9, 2018 to on or about July 8, 2018, Plaintiff Cheng worked seven days per week, for an average of 56 hours per week.

52. From on or about July 8, 2018 to March 16, 2020, Plaintiff Cheng worked four to five days per week, for an average of 40.5 hours per week.

53. From on or about November 18, 2002 until March 16, 2020, Plaintiff Chen was hired by Defendants as a chef at Defendants' Restaurant Via Quadronno located at 25 East 73rd Street, New York, NY 10021.

54. From on or about November 18, 2002 until on or about December 8, 2003, Plaintiff was paid at a rate of Ten Dollars ($10) per hour.

55. From on or about December 9, 2003 to on or about June 11, 2006, Plaintiff Chen was paid at a rate of Fifteen Dollars ($15) per hour.

56. From on or about June 12, 2006 to on or about August 12, 2007, Plaintiff Chen was paid at a rate of Sixteen Dollars ($16) per hour.

57. From on or about August 13, 2007 to on or about June 22, 2008, Plaintiff Chen was paid at a rate of Seventeen Dollars ($17) per hour.

58. From on or about June 23, 2008 to on or about June 27, 2014, Plaintiff Chen was paid at a rate of Twenty Dollars ($20) per hour.

59. From on or about June 28, 2014 to on or about January 7, 2018, Plaintiff Chen was paid at a rate of Twenty Two Dollars ($22) per hour.

60. From on or about January 8, 2018 to March 16, 2020, Plaintiff Chen was paid at a rate of Twenty Four Dollars ($24) per hour.

61. From on or about November 18, 2002 to March 16, 2020, Plaintiff Chen worked from approximately 6:30AM to 3:45PM for every work day.

62. From on or about November 18, 2002 to on or about January 7, 2018, Plaintiff Chen worked six days a week for an average of 55 hours per week.

63. From on or about January 8, 2018 to on or about April 8, 2018, Plaintiff Chen worked for five days a week for an average of 46.25 hours per week.

64. From on or about April 9, 2018 to on or about July 8, 2018, Plaintiff Chen worked seven days a week for an average of 64.75 hours per week.

65. From on or about July 9, 2018 to March 16, 2020, Plaintiff Chen worked five days a week for an average of 46.25 hours per week.

66. Defendants did not compensate Plaintiffs overtime compensation according to state and federal laws.

67. Defendants failed to provide Plaintiffs with written notices providing the information required by the Wage Theft Prevention Act – including, inter alia, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time..

68. Defendants committed the following alleged acts knowingly, intentionally and willfully.

69. Defendants knew that the nonpayment of overtime would economically injure Plaintiffs and the Collective Members by their violation of federal and state laws.

70. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

71. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

72. Defendants did not provide Plaintiffs and other Collective Action Members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiffs and other Collective Members' pay increase(s).

## **COLLECTIVE ACTION ALLEGATIONS**

73. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of

the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

74. Plaintiff brings this action individually and on behalf of all other and former non- exempt employees who have been or were employed by the Defendants at the location since November 2002 through entry of judgment in this case (the "Collective Action Period") and whom failed to receive overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

75. Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

76. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

77. This action should be certified as collective action because the prosecution of

separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

78. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

79. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

    b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

    c. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

    d. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

e.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

80. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

81. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## COUNT I
### (Fair Labor Standards Act - Overtime)

82. Plaintiffs Chunyung Cheng and Shiguang Chen, on behalf of themselves and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

83. At all relevant times, defendants employed Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

84. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

85. As a result of defendants' willful failure to compensate their employees, including Plaintiffs Chunyung Cheng and Shiguang Chen and the Collective Action Members, at a rate at least one-and-one half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

86.     The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

87.     Due to defendants' FLSA violations, Plaintiffs Chunyung Cheng and Shiguang Chen and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (New York Labor Law - Overtime)

88.     Plaintiffs Chunyung Cheng and Shiguang Chen repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

89.     At all relevant times, Plaintiffs Chunyung Cheng and Shiguang Chen was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

90.     Defendants willfully violated Plaintiffs Chunyung Cheng's and Shiguang Chen's rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 137 and 12 N.Y.C.R.R. § 146.

91.     Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

92.     Due to defendants' New York Labor Law violations, Plaintiffs Chunyung Cheng and Shiguang Chen is entitled to recover from defendants her unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III
### (Violation of New York Labor Law—Time of Hire Wage Notice Requirement)

93. Plaintiffs Chunyung Cheng and Shiguang Chen re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94. The Defendants failed to furnish to the Plaintiffs at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

95. Due to the defendants' violation of the NYLL, § 195(1) each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs Chunyung Cheng and Shiguang Chen and their counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e An award of liquidated damages as a result of defendants' willful failure to pay the overtime compensation pursuant to 29 U.S.C. § 216;

f. Liquidated damages for defendants' New York Labor Law violations;

g. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

h. Back pay;

i. Punitive damages;

j. An award of prejudgment and postjudgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.

Dated:    Flushing, New York
          October 23, 2020

                                        Hui Chen and Associates, P.L.L.C.

                                         /s/ Hui Chen

By:  Hui Chen, Esq.
136-20 38th Ave., Suite 9E
Flushing, NY 11354
Tel:  (718) 463-2666
Email: hui.chen@alum.cardozo.yu.edu
*Attorneys for Plaintiff(s)*