UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _9/23/2021__
```

------------------------------------------------------------------X
                                                              :
CHUNYUNG CHENG and SHIGUANG CHEN,                             :
individually and on behalf of all other employees            :
similarly situated,                                          :
                                                              :
                              Plaintiffs,                     :          20-cv-8903 (LJL)
                                                              :
                                                              :          OPINION & ORDER
               -v-                                            :
                                                              :
VIA QUADRONNO LLC, VIA QUADRONNO 88                          :
STREET, ANTICA BOTTEGA DEL VINO, "JOHN"                      :
LAB a/k/a KC LAM, YONG "DOE", and John Doe and              :
Jane Doe,                                                    :
                                                              :
                              Defendants.                     :
                                                              :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

        Plaintiffs, Chunyung Cheng ("Cheng") and Shiguang Chen ("Chen" and, collectively

with Cheng, "Plaintiffs") move, pursuant to 29 U.S.C. § 216(b), for conditional certification of a

FLSA collective.  For the following reasons, the motion for conditional certification is granted.

                                    **BACKGROUND**

        Cheng and Chen were employed as chefs by Defendant Via Quadronno LLC ("Via

Quadronno") at its restaurants Via Quadronno, Via 88 Street, and Antica Bottega located on the

upper East Side in Manhattan.  Cheng worked as a chef at Via Quadronno, located at 25 E. 73rd

St. in New York from on or about May 24, 2004 to October 23, 2009.  Dkt. No. 24 ¶ 34.  Cheng

worked at Antica Bottega, located at 7 E. 59th St. in New York from on or about October 24,

2009 to August 31, 2014.  From on or about September 1, 2014 to January 7, 2018, Cheng

worked at Via 88 St., located at 1228 Madison Ave. in New York.  *Id.* ¶ 36.  From on or about

April 4, 2016 to January 7, 2018, Cheng also worked one day per week at Via Quadronno.  *Id.* ¶

37. From on or about January 8, 2018 to March 16, 2020, Cheng worked at Via Quadronno. *Id.* ¶ 38. Chen worked at Via Quadronno from on or about November 18, 2002 to March 16, 2020. *Id.* ¶ 56.

Cheng and Chen both allege that they worked for more than 40 hours per week without being paid time and a half for overtime. They allege that they were paid, at various times, flat hourly rates, flat weekly rates, or flat monthly rates. Chen additionally alleges that, on most days, he worked thirty minutes longer than he was scheduled for. *Id.* ¶ 65. They also allege that Defendants did not provide them with written notices about the terms and conditions of their employment upon hire. *Id.* ¶ 71.

Plaintiffs support their motion for conditional certification with declarations that swear to the truth of the allegations contained in the Amended Complaint. Chen avers that he "befriended some of the employees, who were both tipped and non-tipped employees and also suffered from the same illegal practices and policies of Defendants." Dkt. No. 18-6 ¶ 11. For example, Chen identifies an individual named Sam, who worked at Via Quadronno as a waiter from around 2012 until when Chen left the restaurant in March 2020; Sam worked for eight hours per day, usually six days per week. *Id.* ¶¶ 12-17. Chen identifies an individual names Fuzheng, who worked at Via Quadronno for 12 hours from 11AM to 11PM five days per week. *Id.* ¶¶ 44-49. Chen makes averments about the working hours and positions of individuals named Vincent, Panda, Delivery, Juan, Haxhl Ferizaj, Zhou Liu, Alex, Jose, Qiu Chen, Juan, Anca, Maria, Charlen, Jennifer, Adriana, Aishu Liu, Hang Zheng, Peddo, Gabriel, Frank Reyes and Franko, who worked variously as waiters, dishwashers, runners, busboys, hostesses, cashiers, bartenders, and in the basement. *Id.* ¶¶ 12-151. Cheng's affidavit repeats the same allegations about the same individuals. Dkt. No. 18-7.

## PROCEDURAL HISTORY

Plaintiffs initiated this action by complaint filed October 26, 2020.  Dkt. Nos. 1, 4.[1]

Plaintiffs filed their motion for conditional certification on January 28, 2021.  Dkt. No. 18.

Plaintiffs filed an amended complaint on February 19, 2021.  Dkt. No. 24.  Defendants initially

failed to oppose the motion for conditional certification.  On April 12, 2021, the Court ordered

Defendants to make a motion to file an out-of-time response by April 29, 2021, should they wish

to file a brief in opposition.  Dkt. No. 34.  On April 29, 2021, Defendants filed a notice of motion

for leave to file an opposition brief.  Dkt. No. 39.  At a status conference held June 30, 2021, the

Court granted Defendants leave to file their brief in opposition, which they filed the same day.

Dkt. No. 43.  Plaintiffs filed their reply on July 12, 2021.  Dkt. No. 45.

## DISCUSSION

### I.     Conditional Certification

Section 216(b) of the FLSA permits an employee aggrieved by a violation of the statute

to maintain an action against any employer "for and in behalf of himself or themselves and other

employees similarly situated." 29 U.S.C. § 216(b).  "Section 216(b)'s affirmative permission for

employees to proceed on behalf of those similarly situated must grant the court the requisite

procedural authority to manage the process of joining multiple parties in a manner that is orderly,

sensible, and not otherwise contrary to statutory commands or the provisions of the Federal

Rules of Civil Procedure."  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *see*

*also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 n.1 (2013) (characterizing section

216(b) as a "joinder process").  "[D]istrict courts have discretion, in appropriate cases, to

implement [Section 216(b)] by facilitating notice to potential plaintiffs."  *Hoffman-La Roche*,

---

[1] The initially deficient complaint was refiled properly on October 27, 2020.

493 U.S. at 169.

The Second Circuit has endorsed a two-step method to determine whether a case should proceed as a collective action under FLSA. *See Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010). In the first step, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs." *Id*. at 555. Plaintiffs need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id*. (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). Mere "unsupported assertions" are not sufficient to pass the first step, but it "should remain a low standard of proof because the purpose of the first stage is to merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id*. (quoting *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)). At the second step, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id*. The "similarly situated" analysis is "quite distinct" from "the much higher threshold of demonstrating that common questions of law and fact will 'predominate' for Rule 23 purposes." *Id.* at 556.

Plaintiffs' burden at the conditional certification stage is "minimal." *Amador v. Morgan Stanley & Co. LLC*, 2013 WL 494020, at *4 (S.D.N.Y. Feb. 7, 2013). "Plaintiffs can meet this burden by showing that 'there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions.'" *Fraticelli v. MSG Holdings, L.P.*, 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (quoting *Myers*, 624 F.3d at 555). However, "[w]hile plaintiff's burden at this stage is modest, it is not non-existent." *Khan v. Airport Mgmt. Servs. LLC*, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011). "The 'modest

factual showing' cannot be satisfied simply by 'unsupported assertions.'" *Myers*, 624 F.3d at

555 (quoting *Dybach*, 942 F.3d at 1567). "Conclusory allegations are not enough." *Morales v.*

*Plantworks, Inc.*, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (quoting Wright, Miller &

Kane, 7B *Federal Practice and Procedure* § 1807 (3d ed. 2002)).

  If this Court determines that "similarly situated" employees exist, it will conditionally

certify the collective and order that appropriate notice be given to members of the FLSA

collective to afford them the opportunity to opt into the action. *See Cunningham v. Elec. Data*

*Sys. Corp.*, 2010 WL 5076703, at *5 (S.D.N.Y. Dec. 13, 2010); *see also Lynch v. U.S. Auto.*

*Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("Once notice is accomplished, the action

proceeds as a collective action throughout the discovery process."). One reason why a plaintiff's

burden at the first stage is minimal is that the defendant is entitled to discovery of opt-ins after

the first stage to determine whether the collective action may go forward. At the second stage,

after discovery is completed, this Court will, "on a fuller record, determine . . . whether the

plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624

F.3d at 555. "The action may be 'decertified' if the record reveals that they are not, and the opt-

in plaintiffs' claims may be dismissed without prejudice." *Id.*

  Plaintiffs' burden as this stage is thus to show a "factual nexus . . . between the plaintiff's

situation and the situation of other potential plaintiffs." *Fernandez v. On Time Ready Mix, Inc.*,

2014 WL 5252170, at *1 (E.D.N.Y. Oct. 4, 2014) (quoting *Sobczak v. AWL Indus., Inc.*, 540 F.

Supp. 2d 354, 362 (E.D.N.Y. 2007)). Affidavits of employee "must set forth 'a defendant's plan

or scheme to not pay overtime compensation' and must identify 'by name similarly situated

employees.'" *Id.* (quoting *Sobczak*, 540 F. Supp. 2d at 362). However, "[i]n making this

showing, 'nothing more than substantial allegations that the putative class members were

together the victims of a single decision, policy or plan' is required." *Sexton v. Franklin First Fin., Ltd.*, 2009 WL 1706535, at *3 (E.D.N.Y. June 16, 2009) (quoting *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005)).

Plaintiffs' complaint and affidavits allege that (1) Plaintiffs themselves worked overtime; (2) Plaintiffs were not compensated as required under FLSA for that overtime; and (3) other particular employees of the same restaurants worked hours in excess of forty per week. Plaintiffs' complaint does not allege, nor do Plaintiffs aver in their affidavits, that any particular employees, besides Plaintiffs themselves, were not paid overtime.  Thus, the question is whether these facts provide a sufficient factual basis for the Court to infer that other employees were underpaid.

Courts have found that conditional certification is appropriate where the plaintiff avers that other employees worked more than forty hours a week but were not paid overtime.  *See, e.g.*, *Cano v. Four M Food Corp.*, 2009 WL 5710143, at *6 (E.D.N.Y. Feb. 3, 2009) (finding that affidavits containing "statements setting forth defendants' common denial of overtime pay, the named plaintiffs' personal knowledge of and the names of other coworkers who were allegedly subject to the same denial of overtime pay" demonstrated a "sufficient factual basis" that the named plaintiffs and the potential plaintiffs were similarly situated").  A single affidavit from a named plaintiff is enough to make this showing.  *See Hernandez v. NGM Mgmt. Grp.* LLC, 2013 WL 5303766, at *3 (S.D.N.Y. Sept. 20, 2013) (holding that the "personal observations of one plaintiff's affidavit" are "sufficient to make the modest factual showing necessary to conditionally certify [a] class"); *Wraga v. Marble Lite, Inc.*, 2006 WL 2443554, at *2 (E.D.N.Y. Aug. 22, 2006) ("Courts routinely grant such motions based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name

similarly situated employees."). Furthermore, "[P]laintiffs are only required to demonstrate a factual nexus that supports a finding that potential plaintiffs were subjected to a common discriminatory scheme." *Jackson v. N.Y. Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995).

On the other hand, courts have denied conditional certification where the plaintiff's allegations regarding other employees have been conclusory or vague. In *Reyes v. Nidaja, LLC*, 2015 WL 4622587, at *2 (S.D.N.Y. Aug. 3, 2015), a court denied a motion for conditional certification where the plaintiff had not "identif[ied] any of the other employees by name or indicate[d] the time or circumstances surrounding his observations" nor had the plaintiff "state[d] that he had conversations with any other employee regarding their treatment, pay, job duties, or responsibilities." *Id.* In *Sanchez v. JMP Ventures, L.L.C.*, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014), a plaintiff alleged that it was "common practice" at his place of employment not to pay overtime hours, based upon his "observations" and "conversations" with other employees. The court found that the plaintiff had not carried his burden because he had not provided "any detail as to a single such observation or conversation." *Id.* And in *Shibetti v. Z Restaurant*, 2019 WL 11623937, at *4 (E.D.N.Y. Sept. 3, 2019), a court denied conditional certification where plaintiffs alleged that they "observed the [defendant] treating other employees the same way" but did not "provide any names, dates, or circumstances to give a factual basis for their statements."

Although the question is close, the Court concludes that Cheng and Chen have made the factual showing necessary for the Court to grant conditional certification and for notice to be sent to potentially similarly situated plaintiffs. They have pleaded that they both were paid flat rates for all the hours they worked, including overtime, during such times as they were compensated hourly. Both claim that they worked in the kitchen and have averred that other employees who worked in the kitchen worked overtime as well. They have also named names. It is reasonable

to infer on the basis of these facts that the others who worked more than 40 hours a week did so pursuant to the same pay practices that were applied to Cheng and Chen and that they too were not paid time and a half for overtime.  The fact that there are two named plaintiffs here who bring substantially similar allegations further reinforces this conclusion.  *See Placinta v. Grazina Pilka, Inc.*, 2018 WL 5024170, at *9 (E.D.N.Y. Oct. 5, 2018) (holding that "[a]t the conditional certification stage 'the burden is so low that even one or two affidavits establishing the common plan may suffice'" (quoting *Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 445-46 (S.D.N.Y. 2013))).

Defendants argue that Plaintiffs have not shown that the other employees are similarly situated because Plaintiffs have not specifically averred or alleged that other employees were not paid overtime for the hours they worked.  While it is true that Plaintiffs have averred only that other employees worked overtime hours and not that they have any knowledge of how much other employees were paid for those hours, Plaintiffs are not required to do so.  It is a reasonable inference that, where two employees were unlawfully paid flat rates for overtime hours, other employees were subject to the same pattern or practice.  *See Huer Huang v. Shanghai City Corp.*, 2020 WL 5849099, at *8 (S.D.N.Y. Oct. 1, 2020) ("The case law does not explicitly require the named plaintiffs to put forward direct evidence that those to whom they claim to be 'similarly situated,' in fact, have a complete FLSA claim arising out of the same facts as the plaintiffs do.").

## II.    Equitable Tolling

Plaintiffs ask the Court to enter an order equitably tolling the statute of limitations for the period of time during which the motion for conditional class certification was pending.  The doctrine of equitable tolling allows a court to extend a statute of limitations "on a case-by-case

basis to prevent inequity." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000).  The Supreme

Court has held that equitable tolling should generally be available only when a litigant can show:

"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also A.Q.C. ex rel.*

*Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) ("[E]quitable tolling is considered a

drastic remedy applicable only in rare and exceptional circumstances.").

Plaintiffs have not made a showing that would support equitable tolling here.  "[I]t is

clear that the language of FLSA and the Supreme Court's holdings do not allow for a rule of

equitable tolling . . . whereby the statute stops running merely upon the filing of a FLSA claim or

a motion for conditional certification." *Shanghai City*, 2020 WL 5849099, at *14.  As the Court

observed in *Shanghai City*, an order of equitable tolling might be justified if the Court were

"confronted with individualized facts showing that a plaintiff whose claims accrued prior to the

statute of limitations has been diligent in pursuing those claims." *Id*.  There is no such showing

here, and equitable tolling is not appropriate on the basis alone that a motion for conditional

certification has been pending.

## III.     Disclosure of Contact Information

Plaintiffs ask that Defendants be ordered to furnish, within fifteen days of the Court's

order, an Excel spreadsheet containing for each current and former non-exempt and non-

managerial employee employed at any time from October 23, 2017 to the date of the Court's

order the following information: (1) a unique numerical identifier; (2) first name; (3) last name;

(4) sex; (5) nickname; (6) name in native language (if applicable); (7) position title; (8) last

known address with apartment number (if applicable); (9) city and zip code; (10) last known

telephone number; (11) pay/day/week/semi-month/month; (12) start date; (13) end date; (14) last known email address; (15) social media handles; (16) work location.

The Supreme Court has held that district courts have authority "to permit discovery of the names and addresses" of potential members of the collective action. *Hoffman-LaRoche*, 493 U.S. at 486. Thus, in furtherance of the general purposes of FLSA, "[c]ourts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action." *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016); *see also Knox v. John Varvatos Enterps. Inc.*, 282 F. Supp. 3d 644, 663 (S.D.N.Y. 2017) (same). However, information not relevant to Plaintiffs' need to deliver notice to potential opt-in plaintiffs need not be disclosed. *See, e.g.*, *Zhongle Chen v. Kicho Corp.*, 2020 WL 1900582, at *9 (S.D.N.Y. Apr. 17, 2020) (denying request for production of potential plaintiffs' gender because "[g]ender has no bearing on where and how notice will be delivered to the potential class members"); *Tate v. WJL Equities Corp.*, 2014 WL 2504507, at *2 (S.D.N.Y. June 3, 2014) ("Defendants need not produce at this time the dates of birth or social security numbers for these employees.").

Accordingly, Defendants must produce only such information as is relevant to providing notice to potential opt-in plaintiffs. The Court strikes from Plaintiffs' proposed order the requirements that Defendants disclose a unique numerical identifier; the employees' sex, position title, pay period, start date, and end date. Defendants shall produce the remaining information requested by Plaintiffs.

**IV.     Dissemination of the Notice**

Defendants ask the Court to strike language from the proposed order that would permit
Plaintiffs to post a short form of the notice to social media groups targeting the English, Chinese,
and Spanish-speaking immigrant worker communities.  The Court will permit such postings, but
with respect to any such social media postings, the Court should control the content of the
message.  Plaintiffs and Defendants should discuss the contents of any social media postings and
submit a letter to the Court describing the postings and any disputes about the postings.  Courts
in this District have come to the same conclusion when evaluating notice by social media.  *See,
e.g.*, *Mark v. Gawker Media LLC*, 2014 WL 5557489, at *5 (S.D.N.Y. Nov. 3, 2014) ("Before
disseminating any notice by social media, the [p]laintiffs shall confer with [d]efendants over the
form and substance of any proposed social media postings, and submit to the court a joint letter
describing the postings and any disputes about their contents that the parties cannot resolve
themselves.").

Defendants additionally request that the Court excuse it from physically posting notice at
locations that have long since closed.  This request is granted.

**V.      Form of Notice**

Defendants have requested a number of changes to Plaintiffs' proposed form of notice.
Defendants argue that Plaintiffs' proposed form of notice "contains erroneous and misleading
information about the nature of the claims common to the members of the Putative Collective."
Dkt. No. 43 at 14.  Defendants argue that, contrary to the language of the notice, there are no
claims of minimum wage violations in this case and that any reference to minimum wage

violations should be removed.  This request is granted and all references to minimum wage violations in the proposed notice are struck.

Defendants' counsel have requested that the notice reflect that they are representing Defendants and that the notice include their contact information.  However, there is no compelling reason why the notice should include Defendants' contact information, as it would be inappropriate for any opt-in plaintiff to contact Defendants' lawyers directly.  Accordingly, notice will include the language:  "Defendants are represented by Phillips Nizer LLP.  If you choose to join this case, you should not contact the Defendants' lawyers directly yourself."  *See Shanghai City*, 2020 WL 5849099, at *17.

Defendants' requests for additional modifications to the order reflecting the need for a plaintiff who does not opt in to retain his or her own counsel if he or she wishes to pursue litigation and reflecting FLSA's statute of limitations are denied as unnecessary and redundant.  Defendants' request to strike the language indicating that depositions will be "scheduled at your convenience" is granted.

## VI.    Opt-In Period

Plaintiffs ask for a 90-day period for potential members of the class to opt in.  Defendants counter that a 60-day period is enough and more in keeping with the practices of courts in this District.

A court setting a deadline for putative collective action members to opt into the action must balance competing considerations.  The time period must be sufficiently long so that notice can reach similarly situated employees and former employees and so that they can make a considered decision whether to join the collective action and take the necessary steps to do so.  On the other hand, each party and the Court has an interest—recognized by the Federal Rules of

Civil Procedure—in the "speedy" determination of the action.  Fed. R. Civ. P. 1; 16(a) (recognizing responsibility of the court to enter orders for the purpose of "expediting disposition of the action" and ensuring "that the case will not be protected because of lack of management").

Courts in this District "routinely grant opt-in periods of 60-days after conditional certification in FLSA cases." *Zhongle Chen*, 2020 WL 1900582, at *11; *Gawker*, 2014 WL 5557489, at *3 ("[C]ourts in this district have coalesced around a standard 60-day notice period.").  "While some courts have granted up to 90 day opt-in periods, they generally do so where the period is agreed upon between the parties or special circumstances require an extended opt-in period." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 452 (S.D.N.Y. 2011).  However, courts sometimes authorize longer periods when Plaintiffs make a showing that such an extended period of time is necessary, as, for example, "where the pool of prospective plaintiffs consists of transient laborers." *Fang v. Zhuang*, 2010 WL 5261197, at *4 (E.D.N.Y. Dec. 1, 2010).

Plaintiffs have not made a showing that a 90-day opt-in period is necessary here. Plaintiffs have offered only the vague assertion that "many of the potential plaintiffs are from other countries, and may very possibly have traveled to other areas for work, or have travelled internationally to their home countries." Dkt. No. 45 at 7.  In the absence of a more fulsome showing that a special dispensation for a 90-day opt-in is required, the Court denies Plaintiffs' request.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for Section 216(b) notice is GRANTED subject to the modifications outlined above.  A modified notice approved by the Court is attached to this Order.

The Clerk of Court is respectfully directed to close Dkt. No. 18.

SO ORDERED.

Dated: September 23, 2021
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge

HUI CHEN & ASSOCIATES, PLLC
Hui Chen
136-20   38th Avenue Suite 9E
Flushing, NY 11354
Tel: (718) 463-2666
*Attorney for the Plaintiff, proposed FLSA Collective and*
*potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
——————————————————————X

CHUNYUNG CHENG and SHIGUANG CHEN

Individually and on Behalf of All Other Employees
Similarly Situated,


                            *Plaintiff(s),*

-against-

VIA QUANDRONNO LLC, VIA QUADRONNO
88 STREET, ANTICA BOTTEGA DEL VINO,
"JOHN" LAM a/k/a KC LAM, YONG "DOE",
and John Doe and Jane Doe

                            *Defendant(s),*
——————————————————————X

Index: **1:20-cv-08903**

**COURT AUTHORIZED**
**NOTICE OF LAWSUIT AND**
**OPPORTUNITY TO JOIN**
**PURSUANT TO 29 U.S.C. § 216(b)**

**IMPORTANT NOTICE**
**ADVISING YOU OF YOUR**
**RIGHTS**


**TO:** Current and former non-exempt employees employed at any time from October 23, 2017 to
the present by:

    (1) VIA QUADRONNO LLC;
    (2) VIA QUADRONNO 88 TREET;
    (3) ANTICA BOTTEGA DEL VINO;
    (4) "JOHN" LAM a/k/a KC LAM; and/or
    (5) YONG "DOE"

    If you worked for Defendants at any time since October 23, 2017, the purpose of this Notice
is to advise you of this lawsuit, and to further advise you of certain rights you may have with
respect to this action.

    Plaintiff CHUNYUNG CHENG and SHIGUANG CHEN worked for Defendants and haVE
brought this action on behalf of all other current and former employees who have worked for
Defendants at any time since October 23, 2017.

The lawsuit seeks monetary damages under the Fair Labor Standards Act (29 U.S.C. 201 et seq.) and New York Labor Law for alleged owed minimum wages and overtime wages. In addition to unpaid spread-of-hours compensation required by the New York Labor Law.

THIS NOTICE is meant to advise you of your right to participate in this lawsuit as a claimant and plaintiff under the federal Fair Labor Standards Act if you worked for Defendants at any time from October 23, 2017 to the present and were not paid overtime for all hours worked over forty (40) in a work week (the "federal portion of the lawsuit").

No determination has been made that you are owed any amount money, and the Court is not endorsing the merits of this lawsuit or advising you to participate in this lawsuit. You are under no obligation to respond to this notice.

**Federal law prohibits Defendants from retaliating against you or discriminating against you if you wish to join this lawsuit**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
| --- | --- |
| **ASK TO BE INCLUDED** | If you wish to be included in the federal portion of the lawsuit, you must complete the form at the end of this Notice. |
| **DO NOTHING** | By doing nothing, you will not be included in the portion of the lawsuit relating to claims under the Fair Labor Standards Act. |

Your options are explained in this notice. To ask to be included in this lawsuit, you must act before [90 days from date notice is sent out.]

| **01. Why did I get this notice?** |
| --- |

You are getting this notice because Defendants' records show that you work or worked for Defendants at some time from October 23, 2017 through the present.

| **02. What is this lawsuit about?** |
| --- |

This lawsuit is about whether the Defendants properly paid its employees in accordance with federal and New York State labor law. In the federal portion of the lawsuit brought under the federal Fair Labor Standards Act ("FLSA"), the lawsuit alleges that Defendants failed to pay overtime for all hours worked over forty (40) in a work week.

Defendants deny these allegations.

| **03. What damages is the lawsuit seeking?** |
| --- |

The lawsuit is seeking to recover unpaid overtime compensation and "liquidated damages," which doubles the amount of wages owed. The lawsuit is also seeking recovery of costs and attorneys' fees.

| **04. What happens if I join the lawsuit?** |
| --- |

If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable, in the federal portion of this lawsuit. You will also share in any proceeds from a settlement or a favorable judgment.

While this lawsuit is pending, as part of the discovery process, you may be asked to provide documents or information relating to your employment with Defendants, which may include responding to written questions or answering questions in person under oath, either before or at trial. For this reason, if you join the lawsuit, you should preserve all documents relating to the Defendants currently in your possession. You also may be asked to sit for a deposition and/or asked to testify at a trial in the Southern District of New York Courthouse.

**05. Can Defendants and/or my current employer retaliate or fire me if I join the lawsuit?**

No. It is a violation of Federal law for Defendants to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case.

**06. Who is representing the Defendants in this lawsuit?**

Defendants are represented by Phillips Nizer LLP. If you choose to join this case, you should not contact the Defendants' lawyers directly yourself.

**07. Can I participate in this lawsuit, even though, due to my immigration status, I did not work or am not working for Defendants legally?**

Yes. Your immigration status does not affect your entitlement to recover back wages or to participate in the lawsuit.

**08. How do I ask the Court to include me in the case?**

Enclosed is a form called the "Plaintiff Consent Form." **If you choose to join the lawsuit, it is extremely important that you read, sign, and promptly return the Plaintiff Consent Form.**

An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelop be lost or misplaced, the Plaintiff Consent form must be sent to the following address:

HUI CHEN & ASSOCIATES PLLC
38th Ave, Suite 9E Flushing, NY 11354

**Re**: *Cheng et al v. Via Quadronno LLC et al.*

The signed Plaintiff Consent Form must be postmarked by (90 days from mailing). If your Plaintiff Consent Form is not postmarked by (90 days from mailing), you may not be able to participate in the federal law portion of this case or share in a monetary damage.

**09. Do I have a lawyer in this case?**

If you choose to join this lawsuit, you will be represented by Plaintiffs' Counsel: Hui Chen & Associates, PLLC, 136-20 38th Ave, Suite 9E, Flushing, New York 11354, (718) 463-2666.

| **10. Should I get my own lawyer?** |
| --- |

You do not need to hire your own lawyer because Plaintiffs' Counsel will be working on your behalf. However, you have a right to hire an attorney of your choice to represent you in this matter. If you are represented by other counsel, you will need to confer with them regarding their costs and fees.

| **11. How will the lawyers be paid?** |
| --- |

You will not be required to pay any out of pocket expense for services provided by Plaintiffs' counsel Hui Chen & Associates, PLLC. If you choose to be represented by Plaintiffs' attorneys, their costs and fees will be paid out of any settlement or money judgment the class receives against Defendants. If there is no settlement or money judgment, Plaintiffs' counsel will not receive any fee. Further information about this Notice, the deadline for joining the lawsuit, the form provided or answers to other questions concerning this lawsuit may be obtained by contacting the Plaintiffs' attorney Hui Chen, Esq., telephone number (718) 463-2666. Any communication with Hui Chen &Associates, PLLC is **privileged and confidential** and will not be disclosed to anyone without your permission.

If you select an attorney other than Plaintiffs' counsel to represent you in this action, you may join this lawsuit by submitting an appropriate consent form directly to the Clerk of Court by the deadline indicated herein.

| **12. What happens if I do nothing at all?** |
| --- |

If you choose to not join the federal portion of this lawsuit, you will not be affected by any settlement or judgment rendered in this case, whether favorable or unfavorable.

| **13. This notice has been authorized by the court.** |
| --- |

This notice and its contents have been authorized by a federal judge the United States District Court for the Southern District of New York. The Court has not yet ruled on whether Plaintiffs' claims or Defendants' defenses have any merit.

**Please do not write or call the court about this notice.**

Although the Court has approved the sending of this Notice, the Court expresses no opinion on the merits of the Lawsuit.

## CONSENT TO JOIN LAWSUIT

IF YOU RECEIVED THIS FORM AND WANT TO JOIN THE FEDERAL
PORTION OF THIS LAWSUIT, PLEASE COMPLETE THESE TWO STEPS:

    A.  COMPLETE AND SIGN THIS PLAINTIFF CONSENT FORM; AND

    B.  USE THE ENCLOSED ENVELOPE TO RETURN THIS FORM TO THE
        ADDRESS BELOW NOT LATER THAN [**60 days** from mailing of
        notice].

    1.      I consent to be a party in the lawsuit ***Cheng et al v. Via Quadronno LLC et al.***,
U.S. District Court, Southern District of New York, Civil Action 1:20-cv-08903-LJL in order to
seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

    2.      By signing and returning this consent form, I hereby designate Plaintiffs and their
counsel Hui Chen Law & Associates, PLLC ("the Firm") to represent me and make decisions on
my behalf concerning the litigation and any settlement. I understand that reasonable costs
expended on my behalf will be deducted from any settlement or judgment amount on a pro rata
basis among all other plaintiffs. I understand that the Firm will petition the Court for reasonable
attorneys' fees and expenses should this case settle or a money judgment is received and will
receive a proportion of any such gross settlement or judgment amount. I agree to be bound by any
adjudication of this action by a court, whether it is favorable or unfavorable.


_____
Name (printed)


_____
Signature            Date


_____
Street Address


_____
City, State, Zip


_____
Best Telephone Number(s)


_____
Email

**Mail to:**

**HUI CHEN LAW & ASSOICATES, PLLC,**
**136-20 38TH AVE, SUITE 9E**
**FLUSHING, NY 11354**
**RE: *Cheng et al v. Via Quadronno LLC et al.***
