```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
CHUNYUNG CHENG et al.,                                             :
                                                                   :
                               Plaintiffs,                         :
                                                                   :                20-cv-8903 (LJL)
                -v-                                                :
                                                                   :                OPINION & ORDER
VIA QUADRONNO LLC et al.,                                          :
                                                                   :
                               Defendants.                         :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/8/2022

LEWIS J. LIMAN, United States District Judge:

Defendants Via Quadronno LLC, Via Quadronno 88 Street, Antica Bottega del Vino, King Chung Lam a/k/a KC Lam, Xiu Yong Chen (collectively, "Via Quadronno" or "Defendants") move for an order imposing sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority under *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991). Dkt. No. 71. Via Quadronno requests that the Court enter an order of sanctions against plaintiffs' counsel, Troy Law PLLC, its principal John Troy, Esq., and its associate Aaron Schweitzer, Esq. (collectively, "Plaintiffs' Counsel"). *Id.* Plaintiffs Chunyung Chen and Shiguang Chen, individually and on behalf of all other employees similarly situated (together, "Plaintiffs") cross-move for an order compelling Defendants to produce an accurate name list and to sanction Defendants and Defendants' counsel for failing to provide an accurate name list to Plaintiffs. Dkt. No. 74.

This is a collective action lawsuit under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 216(b). Plaintiffs allege that they worked more than forty hours per week at Defendants' restaurants without being paid time and a half for overtime. Dkt. No. 24. By Opinion and Order of September 23, 2021, the Court granted Plaintiffs' motion for conditional

1

certification of the FLSA collective action and permitted Plaintiffs to disseminate a Section 216(b) notice. Dkt No. 50. Specifically, the Court permitted Plaintiffs to disseminate by mail and by social media a notice informing potential members of the FLSA collective of this action and their right to join the action. *Id.* at 11. To aid in that effort, the Court also ordered Defendants to produce certain information relevant to providing notice to potential opt-in plaintiffs. *Id.* at 9–10. An order that accompanied the Court's Opinion and Order directed that potential opt-ins be informed of the pendency of this action through a number of different media: (1) text messages or social media messages, chats, or posts; (2) publication to social media groups specifically targeting the English-speaking, Chinese-speaking, and Spanish-speaking immigrant worker community; (3) by posting a copy of the notice in a conspicuous and unobstructed location in Defendants' restaurants where the notice was likely to be seen by all currently employed members of the collective; and (4) by U.S. mail and email, with a reminder notice to be sent to members of the collective who had not submitted a consent-to-join form. Dkt. No. 51. The Order also permitted Plaintiffs to establish a website that allowed for electronic submission of the consent-to-join form and for potential opt-ins to contact Plaintiffs' counsel for more information. *Id.* at 2.

To assist in the mailing, the Court directed Defendants to furnish to Plaintiffs' counsel a spreadsheet containing contact information for current and former non-exempt and non-managerial employees of Defendants "to the extent that such information is readily accessible and in Defendants' possession, custody and/or control." *Id.* at 1. Defendants were to serve Plaintiffs with an affidavit that the name list was "complete from employment records" "to the best of Defendants' ability." *Id.* at 2. The Order further provided that Plaintiffs reserved the right to apply to the Court for permission to cause an abbreviated version of the notice of

pendency to be published in an English-language, Chinese-language, and Spanish-language newspapers and on social media "for Defendants' failure to furnish accurate addresses," *id.*, but went on to state that "any such subsequent publication shall not be at Defendants' expense if Defendants endeavored in good faith to provide all relevant information in its possession, custody and/or control," *id.*

Plaintiffs submitted a proposed form of notice; the Court approved that notice with certain changes. Dkt. No. 50 at 11–12. On September 27, 2021, Defendants' counsel and Plaintiffs' original counsel jointly sought the Court's approval for revisions to the Court-authorized notice. Dkt. No. 52. Those revisions were approved by the Court on the same day. Dkt. No. 53. On November 9, 2021, after Plaintiffs' Counsel appeared for Plaintiffs, Plaintiffs' Counsel, after conferring with counsel for defendants, submitted a letter motion seeking Court approval for further revisions. Dkt. No. 57. The Court approved the revised form of notice on November 11, 2021. Dkt. No. 58. On December 13, 2021, Plaintiffs' Counsel sent the Court-authorized notice by mail to the putative members of the collective. Dkt. No. 72 ¶ 9.[1]

The motion and cross-motion arise out of Plaintiffs' notice program. Defendants argue that Plaintiffs' Counsel improperly used the Via Quadronno logo and trademarks on the envelopes transmitting the Court-authorized notice without seeking permission from the Court or from Via Quadronno as owner of the logo and marks and argues that such use was a deceptive and misleading practice. Dkt. No. 73 at 1–2. They further argue that Plaintiffs' Counsel engaged in the conduct knowing that other courts had not permitted the use of the logo or

---

[1] Because Defendants did not provide any email addresses or social media handles for any current or former employees, Plaintiffs did not cause notice to be sent by email or social media posting. Dkt. No. 76 at 2. Thirty-eight individuals for whom Defendants were able to provide telephone numbers were texted with the Court-approved notice of pendency and consent-to-join form. *Id.*

3

trademark or found the practice to be misleading. *Id.*

Plaintiffs' Counsel last sought approval for revisions to the notice on November 9, 2021. Dkt. No. 57. Several months before that request, Judge Cogan in the Eastern District of New York had sanctioned Plaintiffs' Counsel for using the logo of the defendants in that case on the envelope without permission of the defendants or authorization of the Court. Dkt. No. 73 at 7–8. In his written opinion dated February 25, 2021, Judge Cogan wrote that Plaintiffs' Counsel's use of defendant's logo on the mailing envelope was "particularly egregious." *Panora v. Deenora Corp.*, 521 F. Supp. 3d 177, 180 (E.D.N.Y. 2021). He continued:

> Separate and apart from whether the unauthorized use of the logo constitutes a copyright violation, the logo's presence is intended to send a message to recipients that this is an important mailing from their current or former employer and even suggests that [the defendant employer] wants and expects them to join the action.

*Id.* Judge Cogan imposed sanctions of $2,000 payable to the Clerk of the Court, in addition to the defendants' reasonable attorney's fees and stated he would take the conduct into account in reviewing any claimed fee award in the case. *Id.* at 180–81. At a conference on January 20, 2021, Judge Cogan concluded that Plaintiffs' Counsel had "attempted to pull a fast one here," taking action on its own when counsel knew the court might not approve of the use of the logo. Dkt. No. 73-1 at 7. At the conference, he twice stated that the action by Plaintiffs' Counsel was "palpably improper." *Id.* at 7, 9; *see also Panora*, 521 F. Supp. 3d at 179 (explaining that "the prominent display of [defendant's] logo is particularly egregious").

Four days before Plaintiffs' submission in this case, Magistrate Judge Merkl of the Eastern District of New York denied a request by Plaintiffs' Counsel in a FLSA case before her to use defendants' logos on a mailing, stating that she was "not persuaded that such means [were] necessary" and that she "share[d] many of the concerns expressed by other courts in the Second Circuit in response to such requests." *Lin v. JD Produce Maspeth LLC*, 2021 WL

4

5163218, at *13 (E.D.N.Y. Nov. 5, 2021). In a third case, on January 27, 2021, Judge Furman of this Court noted that, with respect to the practice of Plaintiffs' Counsel in using the defendant's name and logo on the mailing envelope, he did not think it implied any imprimatur that the notice came from the defendant but that counsel might "want to reconsider th[e] practice going forward" in the sense that it "may be more trouble than it is worth." *Chen v. Matsu Fusion Restaurant Inc.*, No. 19 Civ. 11895(JMF), ECF No. 86, at 4, 9–10 (S.D.N.Y. Jan. 27, 2021).

In their cross-motion, Plaintiffs argue that Defendants have provided a deficient mailing list of current and former employees. The mailing list contained only 140 non-duplicative names of employees, and only seventy-three of those had apartment numbers. Allegedly due to the lack of accurate and complete addresses, twenty-eight of the 140 mailings have been returned as undeliverable with no forwarding address. Dkt. No. 76 at 13. Plaintiffs seek sanctions against Defendants' counsel for disobeying a Court order. *Id.* at 17.[2]

The Court previously considered the question whether Plaintiffs could use the logo and trademark of Via Quadronno on its reminder postcard and social media notice. Dkt. No. 69. The Court rejected Defendants' argument that the prior use of the logo and trademark on the initial mailings violated the Court's prior order permitting notice. It explained that "the Court's prior order did not address the question of whether Plaintiffs could use the Via Quadronno logo on their mailings; it was silent on the question." *Id.* at 1–2. At the same time, however, the Court prohibited the Plaintiffs from using "the logo or trademarks of defendant Via Quadronno in their mailings, social media postings, or other communications to members or putative members of the FLSA collective," finding "further use of the Via Quadronno logo could be misleading in that

---

[2] Plaintiffs also argue that counsel violated the Rules of Professional Conduct concerning candor to the tribunal and fairness to the opposing counsel, but there is no basis for that contention.

5

it could suggest to the recipient that Via Quadronno endorses the mailing and the notice contained within it." *Id.* at 1–2.

Both motions are denied. The Court has inherent power to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," including when counsel has practiced a fraud upon the court or when a party has based in "bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Chambers*, 501 U.S. at 45–46 (internal quotation marks and citations omitted). "In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999). 28 U.S.C. § 1927 authorizes a court to award attorney's fees as sanctions against an attorney where the attorney "so multiplies the proceedings in any case unreasonably and vexatiously." *Id.* "As with sanctions imposed pursuant to a court's inherent power, in the § 1927 context, bad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" *Schlaifer Nance & Co.*, 194 F.3d at 336 (quoting *Shafi v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996)). "Thus, in practice, 'the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is that the awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both.'" *Id.* (alteration adopted) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir.1986). "'Bad faith' may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation.'" *Oliveri*, 803 F.2d at

6

1272 (alteration adopted) (quoting *Hall v. Cole*, 412 U.S. 1, 15 (1973)).  However, "'[a] finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings.'"  *Appel v. Hayut*, 2022 WL 214450, at *6 (S.D.N.Y. Jan. 25, 2022) (quoting *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009)).  The Second Circuit has recently stressed "that the sanctioning authority of district courts both accords with and is a necessary aspect of their 'responsibility to manage their dockets "so as to achieve the orderly and expeditious disposition of cases."'"  *Liebowitz v. Bandshell Artist Mgmt*, 6 F.4th 267, 281 (2d Cir. 2021) (quoting *In re World Trade Center Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (per curiam)).

Defendants have not proffered sufficient evidence to show that Plaintiffs' Counsel operated in bad faith.[3]  Plaintiffs' Counsel points out that the initial application for Court-authorized notice was made by prior counsel who represented Plaintiffs in this case.  That filing would have been the vehicle for raising the issue of the use of the logo on the envelope.  Plaintiffs' Counsel cannot personally be faulted for failing to raise the issue when they were not counsel at the time.  The main change requested by the November 9, 2021, submission to the Court by Plaintiffs' Counsel was to substitute their names for that of Plaintiffs' prior counsel.  *See* Dkt. No. 57; Dkt No. 72 ¶¶ 5–6.  Although, in entering the case, Plaintiffs' Counsel should have checked to see if the prior briefing had addressed the envelope and should have raised the issue if they learned it had not been raised with the Court, the Court cannot find on this record that Plaintiffs' Counsel's conduct was in bad faith.  The Court's conclusion in that regard is bolstered by the representation of Plaintiffs' Counsel in this case that it will make "an explicit

---

[3] The Court does not find that Plaintiffs' Counsel *did not* operate in bad faith.  Defendants simply have not made their case.

request for the use of logos in all future filings," which the Court takes to mean in this case and in all other cases. Dkt. No. 76 at 4.[4] Although that representation would not establish the absence of bad faith with respect to the conduct of Plaintiffs' Counsel in this case, it weighs in the balance as to whether the Court would have awarded sanctions had it found bad faith.

There is no basis for Plaintiffs' cross-motion. Defendants' only obligation was to provide contact information "to the extent that such information is readily accessible and in Defendants' possession, custody and/or control" and to provide an affidavit that the name list was "complete from employment records" "to the best of Defendants' ability." Dkt. No. 51 at 1–2. Defendants are obligated to pay for a subsequent publication only if both Defendants fail to furnish accurate addresses and Defendants did not operate "in good faith to provide all relevant information in its possession, custody and/or control." *Id.* at 2. On October 8, 2021, Defendants provided the requisite certification that the name list was "complete from employment records of the Defendants." Dkt. No. 75 ¶ 5; Dkt. No. 75-2. The list was compiled directly from Defendants' payroll system—*i.e.*, its employment records—and contained the contact information for each of the employees downloaded directly from that system. Dkt. No. 79 ¶¶ 3–4; Dkt. No. 80 ¶ 4. As to the missing apartment information, Plaintiffs have demonstrated no bad faith whatsoever. Defendants' counsel responded promptly to Plaintiffs' Counsel's email that the list appeared to be missing apartment numbers; within a week of learning of the missing information, Defendant's counsel advised Plaintiffs' Counsel that a column of data had been omitted when the information was originally downloaded from Defendants' payroll system and provided the inadvertently omitted apartment information. Dkt No. 78 ¶¶ 4–5; *see also* Dkt No. 79 ¶ 5 (noting

---

[4] Plaintiffs' Counsel is directed to confirm for the Court that it has read the representation correctly.

that apartment information was inadvertently omitted). Thus, Defendants complied with their obligations under the September 23, 2021, Order. There is no basis for Plaintiffs' motion.

Indeed, Plaintiffs' Counsel has known since at least mid-November 2021 that the information it was provided constituted the information that the employees themselves gave to Defendants, which was maintained through the payroll system. Dkt. No. 78 ¶¶ 5–7. Defendants' counsel offered to provide Plaintiffs a further affidavit that the information in the name list accurately reflected the information contained in the payroll records; Plaintiffs never followed up. Dkt. No. 78 ¶¶ 8–9. The fact that Plaintiffs' Counsel made this motion only in February 2022, and then only as a cross-motion to Defendants' motion, smacks of gamesmanship and, at a minimum, the inefficient management of this action.[5]

## CONCLUSION

The motion for sanctions and the cross-motion for sanctions are both denied.

SO ORDERED.

Dated: March 8, 2022
       New York, New York

                                      LEWIS J. LIMAN
                                  United States District Judge

---

[5] In keeping with its improper tit-for-tat approach to this litigation, in its reply brief, Plaintiffs' Counsel asks for sanctions against one of Defendants' affiants for filing a declaration in opposition to the cross-motion for sanctions. Dkt. No. 82 at 10. That request and the additional request for an evidentiary hearing based on those declarations is procedurally improper, lacks any legal foundation, and is summarily denied.