UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
CHUNYUNG CHENG and SHIGUANG CHEN, :
Individually and on Behalf of All Other Employees, :   1:20-cv-08903-LJL-KHP
Similarly Situated :
:
                             Plaintiffs, :
  – against – :
:
VIA QUANDRONNO LLC, VIA QUADRONNO 88 :
STREET, ANTICA BOTTEGA DEL VINO, KING :
CHUNG LAM a/k/a KC LAM, XIU YONG CHEN, and :
John Doe and Jane Doe, :
:
                              Defendants. :
---------------------------------------------------------------------- x

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD
<u>AMENDED COMPLAINT</u>**

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................................................................... 1

II. BACKGROUND FACTS ..................................................................................................... 2

III. ARGUMENT ........................................................................................................................ 3

    A.    Futility ......................................................................................................................... 3

        1.    Amendment Is Unnecessary. ........................................................................ 4

        2.    Claims Against Antica Bottega And/Or Caffe Centrale LLC Are Time-Barred. ........................................................................................................... 4

        3.    The Proposed "New" Defendants No Longer Exist. ................................... 5

        4.    Plaintiffs' Proposed New Claims Are Subject To Dismissal ....................... 5

    B.    Amendment Would Severely Prejudice Defendants ................................................. 7

        1.    Plaintiffs and Their Counsel Have Failed to Conduct Proper Diligence .... 8

        *2.*    Plaintiffs' Proposed Amendments are Prejudicial at This Late Stage. ...... 10

IV. CONCLUSION .................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................................6

*In re Arab Bank, PLC Alien Tort Statute Litigation*,
    808 F.3d 144 (2d Cir. 2015) ..................................................................................................3

*Beam v. Key Venture Cap. Corp.*, 152 A.D.2d 825, 544 N.Y.S.2d 35 (3d Dep't.
    1989) .......................................................................................................................................7

*Borski v. Staten Island Rapid Transit*,
    413 Fed.Appx. 409 (2d Cir. 2011) ........................................................................................6

*Health-Chem Corp. v. Baker*,
    915 F.2d 805 (2d Cir. 1990) ..................................................................................................4

*Holmes v. Grubman*,
    568 F.3d 329 (2d Cir. 2009) ..................................................................................................3

*Ingvarsdottir v. Gaines, Gruner, Ponzini & Novick, LLP*, 144 A.D.3d 1099, 43
    N.Y.S.3d 68 (2d Dep't. 2016) ...............................................................................................7

*Johnson v. Constantellis*,
    221 Fed. Appx. 48 (2d Cir. 2007) .........................................................................................3

*Meimaris v. Royce*,
    No. 19-3339-cv, 2021 WL 5170725 (2d Cir. Nov. 8, 2021) ................................................3

*Parker v. Columbia Pictures Industries*,
    204 F.3d 326 (2d Cir. 2000) ..................................................................................................8

*Ramirez-Marin v. JD Classic Builders Corp.*, No. 16CV5584 (DLI)(RER), 2017
    WL 4358759 (E.D.N.Y. Sept. 30, 2017) ..............................................................................4

*Salomon v. Adderley Industries, Inc.*,
    960 F. Supp.2d 502 (S.D.N.Y. 2013) ...................................................................................3

*Scott v. Chipotle Mexican Grill, Inc.*,
    300 F.R.D. 193 (S.D.N.Y. 2014) ......................................................................................3, 7

*Sing v. Meadow Hill Mobile Inc.*,
    No. 20 Civ. 3853 (CS), 2021 WL 3862665 (S.D.N.Y. August 29, 2021) ..........................6

*Thorpe v. Duve*,
  No. 715CV00736, 2020 WL 372676 (N.D.N.Y. Jan. 23, 2020) ................................................4

*Weng v. HungryPanda Us Inc.*,
  19 Civ 11882 (KPF) 2021 WL 1750305 (S.D.N.Y. May 4, 2021)..................................8, 9, 10

*Wenzel v. Marriott Int'l, Inc.*,
  629 F. App'x 122 (2d Cir. 2015)..........................................................................................3, 4

**Statutes**

29 U.S.C. §§ 201 *et seq.*............................................................................................................2

N.Y. LAB. L. §§ 190 *et seq.*......................................................................................................2

N.Y. LAB. L. §§ 650 *et seq.*......................................................................................................2

N.Y. Bus. Corp. L. § 630 ...........................................................................................................7

## I.  PRELIMINARY STATEMENT

Defendants Via Quadronno LLC (sued here as "Via Quandronno LLC") ("Via Quadronno"), Via Quadronno 88 Street ("VQ88"), Antica Bottega Del Vino ("Antica Bottega") (collectively, the "Corporate Defendants"), King Chung Lam a/k/a "KC" Lam ("Mr. Lam"), Xiu Yong Chen ("Mr. Chen"), "John Doe" and "Jane Doe" (together with the Corporate Defendants, the "Defendants") submit this memorandum of law in opposition to the motion by Named Plaintiffs Chunyung Cheng ("Plaintiff Cheng") and Shiguang Chen ("Plaintiff Chen"), and Opt-In Plaintiff Marciano E. Espinal ("Opt-In Plaintiff Espinal") (collectively, "Plaintiffs'") for leave to file a third amended complaint in this case (the "Action").

The Action has been before the Court for almost a year and a half.  In that time:

- There have been three iterations of the complaint;
- Discovery has been conducted and closed; and
- Conditional certification of the collective has been fully litigated and the opt-in period has expired.

Now, months after the close of discovery, substantial motion practice, and the passage of the Court's February 22, 2022 deadline to move to certify a Rule 23 class, Plaintiffs seek leave to file a third amended complaint that would completely transform this Action by adding new parties and new claims.

Plaintiffs' proposed amendments are futile and prejudicial at this late stage.  The alleged "new" corporate entities are defunct or otherwise non-existent.  Several of the alleged "new" claims are time-barred or not legally cognizable, and are subject to a motion to dismiss.  The remaining proposed claims are untimely asserted after the close of discovery and would completely change the nature of this Action.  Plaintiffs' motion is simply a façade meant to cover

their true intentions: to create a new opportunity for Plaintiffs to seek certification of a Rule 23 class.

For these reasons, Defendants respectfully request that the Court (1) deny Plaintiffs' motion for leave to file a third amended complaint; and (2) grant Defendants such other and further relief as the Court may deem just and proper.

## II. BACKGROUND FACTS

On October 26, 2020, Plaintiffs filed their initial complaint alleging only claims of unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and Articles 6 and 19 of the New York Labor Law, N.Y. LAB. L. §§ 190 *et seq.*, 650 *et seq.* ("NYLL"), and failures to provide a wage notice under the NYLL.  The complaint was amended for the first time on February 19, 2021, with Defendants' consent.  Plaintiffs filed a second amended complaint on July 19, 2021 (the "Second Amended Complaint"), again with Defendants' consent.  All three iterations contained the same claims for overtime and wage notice violations.

Plaintiffs filed their motion for conditional certification of a FLSA collective on January 28, 2021.  After opposition by Defendants and oral argument, this Court granted that motion on September 23, 2021 (Doc. No. 51).  Troy Law PLLC ("Plaintiffs' Counsel") first appeared as counsel for Plaintiffs on October 18, 2021.  Plaintiffs' Counsel mailed notices to the collective on December 13, 2021.  In accordance with the Court's order, the sixty-day opt-in period expired on February 11, 2022.

Discovery closed on December 17, 2021, with both parties having exchanged documents and conducted depositions.  On January 3, 2022, Marciano Espinal ("Espinal") became the first (and ultimately, only) person to opt into the collective.

During a status conference on January 7, 2022, the Court set a deadline of February 22, 2022 for Plaintiffs to file their motion for certification of a Rule 23 class for NYLL claims. *See* Declaration of Laura E. Longobardi, dated April 8, 2022 ("Longobardi Dec."), ¶ 4. Plaintiffs did not file their motion for class certification by that deadline.[1] Plaintiffs now seek to amend their Second Amended Complaint to add parties and new claims under the NYLL, all in a naked effort to create a new opportunity to seek certification of a Rule 23 class.

### III.   ARGUMENT

While leave to amend a complaint is usually to be freely granted, the court has discretion to deny leave where there is presence of "futility, bad faith, undue delay, or undue prejudice to the opposing party." *In re Arab Bank, PLC Alien Tort Statute Litigation*, 808 F.3d 144, 159 (2d Cir. 2015); *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009); *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014). Certain of Plaintiffs' proposed amendments are futile. The remainder of Plaintiffs' proposed amendments are prejudicial to Defendants. Consequently, Plaintiffs' motion should be denied in its entirety.

#### A. Futility

Amendment is futile when the proposed amendment is unnecessary. *See Wenzel v. Marriott Int'l, Inc.*, 629 F. App'x 122, 125 (2d Cir. 2015). Amendment is also futile where "the proposed new pleading fails to state a claim upon which relief can be granted," *Salomon v. Adderley Industries, Inc.*, 960 F. Supp.2d 502, 508 (S.D.N.Y. 2013), such as where claims would be barred by the applicable statute of limitation had they been brought in the original complaint. *See Johnson v. Constantellis*, 221 Fed.Appx. 48, 49 (2d Cir. 2007); *see also Meimaris v. Royce*, No. 19-3339-cv, 2021 WL 5170725, at *6 (2d Cir. Nov. 8, 2021). Further, "where futility is

---

[1] Instead, Plaintiffs spent the month of February filing a frivolous cross-motion for sanctions.

3

raised as an objection to the motion to amend, and where it appears that granting leave to amend is unlikely to be productive, it is not an abuse of discretion to deny leave to amend." *Thorpe v. Duve*, No. 715CV00736 (GLS/TWD), 2020 WL 372676, at *3 (N.D.N.Y. Jan. 23, 2020) (citing *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("leave to amend should be denied where there is no merit to the proposed amendments")).

### 1. Amendment Is Unnecessary.

Opt-in plaintiffs like Espinal are considered Plaintiffs in the Action. *See Ramirez-Marin v. JD Classic Builders Corp.*, No. 16CV5584 (DLI)(RER), 2017 WL 4358759, at *4 (E.D.N.Y. Sept. 30, 2017) (holding that "opt-in plaintiffs become parties to the entire suit and all its claims"). Plaintiffs' allegations supposedly identifying a "new" alias for Mr. Lam are both unnecessary and false. Mr. Lam was already identified as "a/k/a 'KC Lam'" in the Second Amended Complaint, and he has never been known as "Kevin C. Lam." *See* Declaration of K.C. Lam dated April 8, 2022 ("Lam Dec.") at ¶ 6. There is no need to re-write the complaint to add these allegations. *See Wenzel,* 629 F. App'x at 125 (denying leave to amend where "the proposed amendment … would have no effect" on the proceedings).

### 2. Claims Against Antica Bottega And/Or Caffe Centrale LLC Are Time-Barred.

Any "new" claims (as well as the "old" claims) against Antica Bottega are futile because they are time-barred. This Action was filed on October 26, 2020. At that time, Plaintiff Cheng was the only plaintiff who had worked at Antica Bottega. However, Cheng testified at his deposition that he had stopped working at Antica Bottega and had begun working at VQ88 in September 2014. *See* Deposition of Chunyung Cheng, dated November 29, 2021, at 43-44 (Longobardi Dec., Exh. 1). Consequently, any NYLL claims that Plaintiff Cheng may have had against Antica Bottega and/or against Caffe Centrale LLC, which operated Antica Bottega,

4

would have had to have been brought no later than **September** 2020, and all FLSA claims would have had to have been brought no later than September **2017**. As Plaintiffs commenced this Action in **October 2020**, all claims he may have had against Antica Bottega and/or Caffe Centrale LLC are time-barred. Additionally, no other current Plaintiff in this Action ever worked at Antica Bottega,[2] so there is no potential representative for any class or collective of employees who might have worked there. Further, Antica Bottega closed in late 2014. *See* Lam Dec., ¶ 5. As it is now more than six years since that closing, the statute of limitations bars any claims by any potential plaintiff of violations of the FLSA or the NYLL against Antica Bottega or Caffe Centrale LLC. Any proposed amendment to add such claims would be futile.[3]

### 3.  The Proposed "New" Defendants No Longer Exist.

Any claims brought against Caffe Centrale LLC, BVS 1228 LLC or Via Quadronno Madison LLC are futile. Antica Bottega, which was operated by Caffe Centrale LLC, closed in late 2014. Lam Dec., ¶ 5. VQ88, which was operated either by BVS 1228 LLC or by Via Quadronno Madison LLC, closed in late 2017. Lam Dec., ¶ 4. These companies have not done any business since the restaurant closings and are, essentially, defunct  Even if the non-existence of these companies may not be a procedural bar to adding them as parties, as a practical matter, at the end of the day, that amendment will be futile.

### 4.  Plaintiffs' Proposed New Claims Are Subject To Dismissal.

The proposed third amended complaint contains new claims which are either non-existent or are not supported by the evidence.

---

[2]   Plaintiff Chen testified that worked exclusively at Via Quadronno. *See* Deposition of Shiguang Chen dated November 29, 2021, at 12 (Longobardi Dec., Exh. 2). The proposed allegations relating to Opt-In Plaintiff Espinal state that he worked at the 73rd Street location, which is where Via Quadronno is located. *See* Lam Dec.,¶ 3.

[3]   Indeed, all existing claims against Antica Bottega are subject to dismissal on a summary judgment motion.

### a. Claims for Failures to Provide Meal Periods and to Keep Records.

Plaintiffs' claims for alleged failures to provide meal periods and failures to keep records are not cognizable under the NYLL, despite Plaintiffs' allegations. *See Sing v. Meadow Hill Mobile Inc.*, No. 20 Civ. 3853 (CS) (AEK), 2021 WL 3862665, at *3 (S.D.N.Y. August 29, 2021) ("In the Complaint, Plaintiffs assert claims for violations of the NYLL based on the failure to provide meal periods and the failure to maintain payroll records. … [B]oth claims fail as a matter of law, since there is no private right of action [for either claim]").

### b. Claims Against Proposed "Doe" Defendants.

Rather than seeking to amend the complaint to identify "John" and "Jane" Doe, Plaintiffs are amplifying their allegations of purported wrongdoing by these unnamed defendants. If – after a year and a half of litigation and full discovery – Plaintiffs are not yet able to identify John and Jane Doe, they never will be. This amendment should not be permitted.

### c. Plaintiffs' Allegations of a Single Unified Enterprise Are Purely Conclusory and Are Not Supported By Any Evidence.

Plaintiffs seek to add allegations that the existing Corporate Defendants and the proposed new defendants operated as a single, unified enterprise. Plaintiffs' allegations are wholly conclusory, and are not supported by any statements of fact, notwithstanding the completion of discovery in this Action. These conclusory allegations are entitled to no deference, and would be subject to a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (legal tenet that on Rule 12(b)(6) motion, a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, which must be supported by facts). Therefore, allowing amendment of the Second Amended Complaint to please these allegations would be futile. *See Borski v. Staten Island Rapid Transit*, 413 Fed. Appx. 409, 411-412 (2d Cir. 2011)

(denying leave to amend where "record reveal[ed] no evidence" to support plaintiffs' proposed amended claims").

### d. Plaintiffs' Attempt to Hold Mr. Lam and Mr. Chen Liable As Shareholders Is Time-Barred.

Plaintiffs' proposed third amended complaint contains allegations purporting to hold the individual defendants liable under Section 630 of the New York Business Corporation Law, N.Y. Bus. Corp. L. § 630 ("NYBCL"). That statute provides that where an employee seeks to hold a shareholder liable for wages, "notice shall be given within one hundred and eighty days after termination of such services."

Here, Plaintiffs' employment ended in March 2020.  Plaintiffs filed the original complaint on October 26, 2020, more than 180 days after the termination of their employment. Therefore, Plaintiffs failed to comply with the timing requirements of the notice provisions of the NYBCL, and any attempt by Plaintiffs to add these claims for wages against the individual shareholders would be futile.  *See Ingvarsdottir v. Gaines, Gruner, Ponzini & Novick, LLP*, 144 A.D.3d 1099, 1102, 43 N.Y.S.3d 68 (2d Dep't. 2016); *Beam v. Key Venture Cap. Corp.*, 152 A.D.2d 825, 825-826, 544 N.Y.S.2d 35 (3d Dep't. 1989).

Accordingly, Plaintiffs' proposed amendments to add these parties and these claims would be futile.  The motion for leave to amend should be denied on these grounds.

### B. Amendment Would Severely Prejudice Defendants.

An amendment is prejudicial where it "would (1) require the defendant to expend significant additional resources to conduct discovery, or would (2) significantly delay the resolution of the dispute."  *Scott*, 300 F.R.D. at 200.  A motion for leave to amend is both untimely and prejudicial where it occurs after discovery has closed.  *See Scott*, 300 F.R.D. 200

("A court is more likely to find an amendment prejudicial if discovery has closed"). Where a motion for leave to amend is untimely, the plaintiff must show good cause for granting a motion for leave to amend, including that it performed proper due diligence. *See Parker v. Columbia Pictures Industries*, 204 F.3d 326, 339-340 (2d Cir. 2000); *Weng v. HungryPanda Us Inc.*, 19 Civ 11882 (KPF) 2021 WL 1750305, at *2-3 (S.D.N.Y. May 4, 2021) (denying motion for leave to amend where counsel failed to conduct proper diligence prior to the deadline to amend).

### 1. Plaintiffs and Their Counsel Have Failed to Conduct Proper Diligence.

At the January 7, 2022 conference, the Court informed the parties that it would not set a deadline for any motion seeking leave to amend the complaint, but instructed Plaintiffs to comply with the requirements of both Rules 15 and 16 of the Federal Rules of Civil Procedure in connection with any such motion. *See* Longobardi Dec., ¶ 3. These Rules require both leave of the Court and a showing of good cause where the motion is untimely. Here, even though Plaintiffs are seeking leave of this Court to amend the Second Amended Complaint, Plaintiffs cannot make a showing of good cause to grant the motion because they have not been diligent in seeking to amend.

#### a. Plaintiffs Delayed Acting On Supposedly "New" Information.

Plaintiffs assert that they only learned of the "new" defendants through discovery, and, therefore, they should be permitted to amend to add them to the Action. However, Plaintiffs clearly knew of these entities no later than the date of Mr. Lam's deposition on December 14, 2021 (if not earlier). Plaintiffs then sat on this information for nearly three and half months before filing their motion seeking leave to add these purported defendants to this Action. This does not constitute "diligence" on the part of Plaintiffs.

### b. **Plaintiffs Have Unreasonably Delayed Seeking To File "New Claims."**

Plaintiffs' Counsel advised the Court on January 7, 2022 that Plaintiffs wanted to wait until the period to opt into the collective had ended to move to amend. That opt-in period ended on February 11, 2022. Longobardi Dec., ¶ 3. Plaintiffs then waited until six weeks from that date to move to amend. Plaintiffs cannot reasonably claim that it took this long to amend a complaint to add a single person and the new claims.

Further, Plaintiffs seek to assert their new NYLL claims on their own behalf and on behalf of an entire putative class, not just on behalf of Opt-In Plaintiff Espinal. It is unlikely the Plaintiffs only learned of these claims through discovery. Plaintiffs knew or should have known prior to commencing this Action – let alone prior to the close of discovery – whether they and their co-workers were paid minimum or spread-of-hours wages, or if they did not receive wage notices. Plaintiffs' Counsel (or Plaintiffs' original attorney) also should have known to ask questions regarding Plaintiffs' wages, wage notices, and wage statements at an early stage of the Action, so that claims related to those alleged facts could have been brought sooner. The failures by Plaintiffs and/or Plaintiffs' Counsel to remember or recognize these "new" claims should not be rewarded by granting them leave to amend. *See Weng*, 2021 WL 1750305, at *3 ("In other words, Plaintiff's original recollection of the relevant facts was imprecise and Plaintiff's counsel failed to obtain from Plaintiff all the details necessary to properly plead his claims before filing the Complaint, or at least before the amendment deadline. This explanation fails to identify external factors that amount to 'good cause' under Rule 16(b)(4), and only reinforces the lack of diligence on the part of Plaintiff and his counsel").

### 2. Plaintiffs' Proposed Amendments are Prejudicial at This Late Stage.

With discovery having closed, and the deadlines to opt-in and move for class certification having expired, Plaintiffs' motion and proposed amendments are so untimely as to be prejudicial. Plaintiffs seek to add completely new class claims under the NYLL for alleged failures to pay minimum wages or spread-of-hours compensation and alleged failures to provide wage statements. These claims and allegations will force Defendants to incur the significant costs associated with responding to the amended complaint, discovery and class certification, all of which have already been completed. Furthermore, Plaintiffs' proposed amended complaint continues to allege collective claims of unpaid overtime under the FLSA, despite the fact that the notice to the putative collective yielded just one opt-in. In short, the proposed amendment is late and will unduly prejudice Defendants by causing them to incur significant new costs and lengthening the proceedings. Plaintiffs' motion should be denied.[4]

### IV.   CONCLUSION

Defendants Via Quadronno LLC, Via Quadronno 88 Street, Antica Bottega Del Vino, King Chung Lam a/k/a "KC" Lam, Xiu Yong Chen, "John Doe" and "Jane Doe" respectfully request that this Court (1) deny Plaintiffs' motion for leave to file a third amended complaint; and (2) grant Defendants such other and further relief as the Court may deem just and proper.

---

[4] This is not the first time Plaintiffs' Counsel has sought to make a late attempt to re-write a complaint completely on a motion to amend. In *Weng*, 2021 WL 1750305, Judge Failla denied the motion to amend by Plaintiffs' Counsel, finding that the plaintiff and Plaintiffs' Counsel had failed to exhibit proper diligence prior to the deadline to amend, and that amendment would be prejudicial, even though discovery in that case had not yet closed. Here, Plaintiffs are seeking to amend to add new parties and claims after discovery has closed, which is certainly prejudicial to Defendants.

Dated: New York, New York
April 8, 2022

                      PHILLIPS NIZER LLP

                      By: */s/ Laura E. Longobardi*
                           Laura E. Longobardi
                           *LLongobardi@phillipsnizer.com*
                           Regina E. Faul
                           *RFaul@phillipsnizer.com*
                           Jeremy Bachrach Siegfried
                           *jsiegfried@phillipsnizer.com*
                      485 Lexington Avenue, 14th Floor
                      New York, New York 10017
                      Telephone: (212) 977-9700
                      Telecopier: (212) 262-5152
                      *Attorneys for Defendants Via Quadronno LLC, Via Quadronno 88 Street, Antica Bottega Del Vino, King Chung Lam a/k/a KC Lam, Xiu Yong Chen, "John Doe" and "Jane Doe"*

TO:     **TROY LAW PLLC**
          John Troy, Esq.
          *johntroy@troypllc.com*
          Aaron B. Schweitzer, Esq.
          *aaronschweitzer@troypllc.com*
          Tiffany Troy, Esq.
          *tiffanytroy@troypllc.com*
          41-25 Kissena Blvd., Suite 103
          Flushing, New York 11355
          Telephone: (718) 762-1324

          **HUI CHEN AND ASSOCIATES, PLLC**
          Hui Chen, Esq.
          *hui.chen@alum.cardozo.yu.edu*
          *hui.chenlawoffice@gmail.com*
          136-20 38th Ave., Suite 9E
          Flushing, New York 11354
          Telephone: (718) 463-2666
          *Attorneys for Named Plaintiffs Chunyung Cheng and Shiguang Chen, and Opt-In Plaintiff Marciano E. Espinal*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day April, 2022, I caused a true and correct copy of the **Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to File a Third Amended Complaint** to be served upon to be served upon Named Plaintiffs Chunyung Cheng and Shiguang Chen, and Opt-in Plaintiff Marciano E. Espinal (collectively, "Plaintiffs") by ECF and by electronic mail to Plaintiffs' Counsel, addressed to

**TROY LAW PLLC**
John Troy, Esq.
*johntroy@troypllc.com*
Aaron B. Schweitzer, Esq.
*aaronschweitzer@troypllc.com*
Tiffany Troy, Esq.
*tiffanytroy@troypllc.com*
41-25 Kissena Blvd., Suite 103
Flushing, New York 11355
Telephone: (718) 762-1324

**HUI CHEN AND ASSOCIATES, PLLC**
Hui Chen, Esq.
*hui.chen@alum.cardozo.yu.edu*
*hui.chenlawoffice@gmail.com*
136-20 38th Ave., Suite 9E
Flushing, New York 11354
Telephone: (718) 463-2666

/s/ *Laura E. Longobardi*
LAURA E. LONGOBARDI