UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
CHUNYUNG CHENG *et al.*, :
:
Plaintiffs, :
: 20-cv-8903 (LJL)
-v- :
: OPINION AND ORDER
VIA QUADRONNO LLC *et al.*, :
:
Defendants. :
:
------------------------------------------------------------------
:
X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/25/2022

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Chunyung Cheng ("Cheng") and Shiguang Chen ("Chen" and with Cheng, "Plaintiffs") move, pursuant to Federal Rules of Civil Procedure 15 and 16, for leave to file a third amended complaint and, pursuant to Federal Rule of Civil Procedure 21, to add opt-in plaintiff Marciano E. Espinal ("Espinal") as a named plaintiff. Dkt No. 84. Among other things, the third amended complaint would (1) add three new defendants: Via Quadronno Madison LLC d/b/a Via Quadronno 88th Street, Caffe Centrale LLC d/b/a Antica Bottega Dela Vino, and BVS 1228 LLC d/b/a Via Quadronno 88th Street; (2) add joint employer/enterprise allegations against all of the corporate defendants; (3) add class action allegations under the New York Labor Law ("NYLL"); (4) add an alleged pseudonym for one of the individual defendants; and (5) add Espinal as a named plaintiff and assert NYLL and Fair Labor Standards Act ("FLSA") claims on his behalf. The motion to amend is denied except as to the addition of Espinal as a plaintiff and the assertion of FLSA and NYLL claims on his behalf. An amendment will be permitted to add Espinal as a plaintiff and to add claims for unpaid wages under federal and state law and failure to deliver wage notices under NYLL on his behalf, so long as it is filed by one week from the

1

date of today's order and without prejudice to the Defendant moving for judgment on the pleadings or summary judgment as to those claims.

## BACKGROUND

This case was first filed on October 26, 2020. Dkt. No. 1. Plaintiffs named three corporate defendants: Via Quandronno LLC, Via Quadronno 88 Street, and Antica Bottega Del Vino, and two individual defendants "John" Lam a/k/a KC Lam, and Yong "Doe."[1] *Id.* Plaintiffs alleged claims for unpaid overtime under the FLSA, 29 U.S.C. §§ 201 et seq., and Articles 6 and 19 of the NYLL, N.Y. Lab. L. §§ 190 et seq., 650 et seq., and failure to provide a wage notice under the NYLL. Dkt. No. 1. On January 7, 2021, the Court approved the Case Management Plan filed on December 30, 2020, which provided, among other things, that any motion to amend or to join additional parties would have to be filed by no later than February 5, 2021. Dkt No. 15. On February 3, 2021, Plaintiffs filed a letter motion requesting leave to file an amended complaint, which the Court granted on February 18, 2021. Dkt. Nos. 20, 22. Plaintiffs filed an amended complaint on February 19, 2021. Dkt. No. 24. The amended complaint named the same three corporate defendants and two individual defendants and also alleged claims for unpaid overtime under federal and New York State law and failure to provide a wage notice under the NYLL. Dkt. No. 24.

On July 6, 2021, the Court entered an amended Case Management Plan and Scheduling Order. Dkt. No. 44. That order gave the parties until July 19, 2021 to file a motion to amend or to join additional parties. *Id.* It also provided that all discovery was to be completed by December 17, 2021, and that a post-discovery status conference would be held on January 7, 2022. *Id.* A second amended complaint was timely filed on July 19, 2021. Dkt No. 46. The

---

[1] Plaintiffs also named John Doe and Jane Doe as defendants.

second amended complaint named the same three corporate defendants: Via Quandronno LLC, Via Quandronno 88 Street, and Antica Bottega Del Vino; it also named as defendants King Chung Lam a/k/a KC Lam, Xiu Yong Chen, and John Doe and Jane Doe. Dkt No. 46. It alleged the same three causes of action: unpaid overtime under FLSA, unpaid overtime under NYLL, and failure to provide a wage notice under the NYLL. *Id.*

On September 23, 2021, the Court issued an Opinion and Order granting Plaintiffs' motion for the conditional certification of a FLSA collective action. Dkt. No. 50. On January 3, 2022, Espinal filed the single consent to become a party plaintiff under FLSA filed in this case. Dkt. Nos. 65, 66.

The parties jointly filed a status letter with the Court on December 30, 2021. Dkt. No. 64. That letter advised that there were no existing deadlines given that the deadlines in the Case Management Plan had passed and that fact discovery was mostly complete save for Plaintiffs' response to Defendants' document request and any discovery that would be necessary for opt-in plaintiffs. *Id.* The parties suggested that the Court extend discovery with respect to opt-ins to April 29, 2022. *Id.* At the status conference on January 7, 2022, the Court adopted the proposal and extended the close of discovery to April 29, 2022 with respect to opt-in plaintiffs and set a deadline for Plaintiffs to move for class certification of February 22, 2022.[2]

On March 25, 2022, the Plaintiffs filed the instant motion. Dkt. No. 84.

**DISCUSSION**

Several rules are applicable to Plaintiffs' motion. Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading with the leave of the court in the absence of the

---

[2] Plaintiffs repeatedly assert that the Court extended discovery in this matter as a general matter to April 29, 2022. Dkt. No. 90 at 1, 7, 8. That assertion is mistaken. Plaintiffs did not move for class certification on February 22, 2022. Any such motion would now be out of time.

opposing party's written consent. Fed. R. Civ. P. 15(a)(2). Federal Rule of Civil Procedure 21 permits the court, "[o]n motion or on its own," to add a party "on just terms." Fed. R. Civ. P. 21. Federal Rule of Civil Procedure 16 provides that the court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

As a general matter, under Rule 15(a), "[l]eave to amend a complaint [is to] be freely given when justice so requires." *Dougherty v. Town of N. Hempsted Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002) (citing Fed. R. Civ. P. 15(a)). The court may deny such a motion only on grounds of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). However, "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

Under Rule 21, a court may allow a party to be added or removed "at any time, on just terms." Fed. R. Civ. P. 21. "In deciding whether to permit joinder, courts apply the same standard of liberality afforded to motions to amend pleadings under Rule 15." *New York Wheel Owner LLC v. Mammoet Holding B.V.*, 2020 WL 4926379, at *21 (S.D.N.Y. Aug. 21, 2020) (quoting *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008)).

The generous approach that courts take to Rule 15 and Rule 21 motions does not extend to motions filed after a previously ordered deadline has run. Parties structure their approach to litigation based on case management plans and are entitled to rely upon them being enforced absent some good reason why they should not be. Thus, "[w]hen a party files a motion to amend after the pleading deadline set forth in the case management plan and scheduling order, Fed. R.

4

Civ. P. 16(b) governs and the party must establish 'good cause' to amend its pleadings." *Pristine Jewelers NY, Inc. v. Broner*, 492 F. Supp. 3d 130, 131–32 (S.D.N.Y. 2020) (citing *Sherman v. Fivesky, LLC*, 2020 WL 5105164, at *1 (S.D.N.Y. Aug. 31, 2020)). This is not a forgiving standard. "To show good cause, a movant must demonstrate diligence before filing her motion, such that despite the movant's effort, the deadline to amend the pleadings could not have been reasonably met." *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014). "'[T]he good cause standard of Rule 16 is not satisfied when the proposed amendment rests on information that the party knew or should have known, in advance of the deadline.'" *Sherman*, 2020 WL 5105164, at *1 (quoting *DeCastro v. City of New York*, 2020 WL 4932778, at *7 (S.D.N.Y. Aug. 24, 2020)). "The Court 'also may consider other relevant factors, including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [non-movants].'" *Weng v. HungryPanda US, Inc.*, 2021 WL 1750305, at *2 (S.D.N.Y. May 4, 2021) (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)).

Of course, the standards under Rules 15 and 21 still apply. "Even if good cause is established … , a court may deny a motion to amend if the proposed amendment 'would be futile, unduly prejudicial, or otherwise improper . . . .'" *DeCastro*, 2020 WL 4932778, at *7 (quoting *Youngers v. Virtus Inv. Partners Inc.*, 2017 WL 5991800, at *6 (S.D.N.Y. Dec. 4, 2017)).

Defendants argue that amendment would be futile. Antica Bottega, which was operated by Caffe Centrale LLC, closed in late 2014. Dkt. No. 89 ¶ 5. Via Quadronno 88th Street, which was operated by BVS 1228 LLC or by Via Quadronno Madison LLC, closed in late 2017. *Id.* ¶ 4. They assert that no plaintiff in this case would have had ripe claims against Antica Bottega and/or Caffe Centrale LLC when the complaint was first filed in October 2020 and that

5

Plaintiffs' claims of a single unified enterprise are purely conclusory. Defendants further argue that they would be prejudiced by the adding of the claims after all discovery has closed and that Plaintiffs have shown no good cause for not filing the amendment within the time permitted by the scheduling order. Dkt. No. 87.

Plaintiffs respond that, according to records from the New York Department of State, Antica Bottega did not become inactive until January 2018 and BVS 1228 LLC and Via Quadronno Madison LLC are still active and that Defendants had the opportunity to take discovery of and deposed Espinal on April 14, 2022, while the proposed amended complaint was pending before the Court. Dkt. No. 90. For the same reason, they assert that addition of the three corporate defendants would not prejudice Defendants—Defendants deposed Espinal while the proposed amended complaint was pending before the Court. Finally, Plaintiffs assert that they exercised diligence because (1) current counsel only came into the case on October 18, 2021; (2) they did not learn of the existence of the other corporate defendants until the deposition of KC Lam on December 14, 2021; and (3) they "waited to move to amend the complaint after the opt-in period ended to allow any additional opt-in Plaintiff claims to be added into this matter without having to redo-the complaint again." *Id.* at 7.[3]

Plaintiffs have shown good cause for the addition of Espinal as a Plaintiff and the assertion by him personally of claims under NYLL for overtime and the failure to deliver wage notices. Defendants argue that amendment is unnecessary because Espinal's opt-in notice operated to make him a party plaintiff. Dkt. No. 87 at 4 (citing *Ramirez-Marin v. JD Classic Builders Corp.*, 2017 WL 4358759, at *4 *(E.D.N.Y. Sept. 30, 2017)). The better reasoned

---

[3] Defendants ask the Court to ignore Plaintiffs' reply memorandum of law because it was untimely filed. Dkt. No. 91. In light of the Court's disposition of the motion, that request is moot.

6

approach, however, it that the notice only served to make him a plaintiff with respect to the FLSA claims and not with respect to the NYLL claims.  Dkt. No. 90 at 3 (citing *Chen v. Good Chows Inc.*, 2016 WL 3144396, at *4 (S.D.N.Y. May 3, 2016) ("[E]ven if the Court had certified this case as a collective action, thereby allowing putative class members to opt-in to the collective class, the procedure obviously would only permit them to pursue FLSA claims.  Accordingly, whatever the impact of the Consent to Sue letters may be, they clearly did not constructively amend the NYLL claims to include additional plaintiffs. A motion therefore was required for the Opt-in Plaintiffs to pursue those claims.")).  In any event, to the extent that Defendants argue that Espinal already is a party to all of the claims, including state law claims, asserted by Cheng and Chen, Defendants can suffer no prejudice by a court order making that status formal.

Plaintiffs also have good cause for not alleging NYLL claims on behalf of Espinal earlier; he had not stepped forward to opt in until January 3, 2022, within the time the Court established for opt-ins to file consents.  Dkt. Nos. 65, 66.  In addition, Defendants have identified no prejudice from the assertion of the NYLL claims by Espinal.  The other two Plaintiffs have asserted claims for overtime under the NYLL and failure to deliver wage notices, and the evidence with respect to Espinal should be similar to that with respect to Cheng and Chen; to the extent there are differences, Defendants had the opportunity to take Espinal's deposition while the proposed amendment was pending.

The Court denies the motion with respect to the remainder of the proposed amendments both for lack of good cause and because either they appear to be futile or their late introduction

into this case would be prejudicial to Defendants.[4] Plaintiffs have shown no good cause for the addition of the three corporate defendants after they have already filed three complaints and after discovery has closed. As a general matter, substitution of counsel does not constitute "good cause"; a party cannot restart the litigation clock by firing one counsel and hiring another. *Cf. Furry Puppet Studio Inc. v. Fall Out Boy*, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020) (holding that a change in litigation strategy is "not compatible with a finding of diligence and do[es] not provide a basis for relief"); *In re: Elysium Health-Chromadex Litigation*, 17-cv-7394 (LJL), ECF No. 130 (Feb. 14, 2020) (denying motion for an extension based on appearance on new counsel). Plaintiffs have been represented by counsel continuously from the date they filed their complaint in October 2020. While they assert that they did not discover the identity of the three new corporate defendants until the deposition of Lam in December 2021, they offer no explanation as to why they could not have deposed him earlier (and within the time period for amendments permitted by the Court's case management orders) or why, short of the Lam deposition, they could not have discovered the information earlier. *See Sherman,* 2020 WL 5105164, at *1 (good cause not shown where "the proposed amendment rests on information that the party knew or should have known, in advance of the deadline").

It further is no excuse that Plaintiffs wanted to wait until the deadline for opt-ins had passed to see if others might want to assert claims similar to Espinal. The addition of the three corporate defendants is not unique to Espinal. Chen and Cheng seek to assert claims against

---

[4] Defendants also argue (1) that Plaintiffs' attempt to hold Defendants KC Lam and Xiu Yong Chen liable as shareholders is time barred, Dkt, No. 87 at 7, and (2) that Plaintiffs should not be permitted to add additional allegations against the still-unnamed Doe Defendants, *id.* at 6. In their reply, Plaintiffs consent to withdraw their claims against Lam and Chen under NYLL § 630, Dkt. No. 90 at 6, and to withdraw their claims against the Doe Defendants without prejudice, *id.* at 5. Accordingly, the Court need not address the issues raised by those arguments.

those defendants. They need not have waited until the expiration of the opt-in period to have done so.

Moreover, Plaintiffs' amendment as to the corporate entities would be futile. Plaintiffs rely on the allegation in their proposed third amended complaint that the corporate defendants operate as an enterprise and or "engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same owners." Dkt. No. 85-2 ¶ 31. An employer under FLSA and NYLL can include separate corporations that operate as a single integrated enterprise. But to make one legally distinct corporation liable for the labor law violations of the other, courts require more than "'common ownership and common purpose.'" *Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 588 (S.D.N.Y. 2020) (quoting *Lopez v. Acme Am. Envt'l Co., Inc.*, 2012 WL 6062501, at *4 (S.D.N.Y. Dec. 6, 2012)). Plaintiffs must allege "an interrelation of operations or centralized control of labor relations with plaintiffs' identified direct corporate employer" sufficient to hold one corporation liable for the FLSA violations of the other corporation. *Apolinar v. R.J. 49 Rest., LLC*, 2016 WL 2903278, at *4 (S.D.N.Y. May 18, 2016); *see also Hsieh Liang Yeh v. Han Dynasty, Inc.*, 2019 WL 633355, at *8 (S.D.N.Y. Feb. 14, 2019) (rejecting argument that restaurants were a single joint enterprise even though they shared "a centralized website which provides a common platform for menu information, reservations, online ordering and contact," among other things (internal quotation marks omitted)); *Huer Huang*, 459 F. Supp. 3d at 587 (allegations of shared ownership and shared website not sufficient to establish a single integrated enterprise); *Kwan v. Sahara Dreams Co.*, 2018 WL 6655607, at *4 (S.D.N.Y. Dec. 19, 2018) ("While sharing a common website may be sufficient to infer common ownership, it does not suggest that Defendants shared centralized control over their employees."); *Santana v. Fishlegs LLC*, 2013 WL 5951438, at *3, *8

(S.D.N.Y. Nov. 7, 2013) (dismissing a claim based on a theory that multiple restaurants were a single integrated enterprise notwithstanding that the restaurants were, *inter alia*, "advertised and marketed jointly on Defendants' website"). Such allegations are absent from the proposed amended pleading.[5]

Plaintiffs also have asserted no good cause to permit them to file on behalf of Cheng and Chen claims under the NYLL for failure to pay spread-of-hours pay, *see* proposed Count IV (alleging violations of NYLL §§ 190 et seq.); failure to provide meal periods, *see* Count V (alleging violations of NYLL §162); failure to keep records, *see* Count VI (alleging violations of NYCRR § 146-2.1); and failure to provide time-of-hire wage notices *see* Count VI (alleging violations of NYLL § 195-1(a)). To the extent that these are even brought on behalf of Cheng and Chen, Plaintiffs have made no showing why Chen and Cheng themselves would not have known the pay they received and what notices they were given before filing the proposed amended complaint. To the extent that they did not know (and still can maintain a claim), there is no reason that such information could not have been obtained earlier by Plaintiffs' counsel.

Plaintiffs' counsel had a good reason not to have asserted earlier the other state law claims on behalf of Plaintiff Espinal. Plaintiffs' counsel presumably did not know of Espinal's

---

[5] Plaintiffs argue that the addition of the "true/correct Corporate entity names and aliases of existing Defendant . . . should be granted, so that when Plaintiffs are seeking default or enforcing a judgment against the Defendants, Plaintiffs are able to do so." Dkt No. 86 at 5. But, if Defendants are operating under alter egos and commingling assets or using aliases to avoid the satisfaction of judgment, Plaintiffs may use that evidence in connection with judgment enforcement. *See, e.g.*, *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 142–43 (2d Cir. 1991) (explaining that, where if plaintiffs can prove that defendants are alter egos of judgment debtor and seek enforcement of that judgment against the defendants, "the previous judgment is then being enforced against the entities who were, in essence, parties to the underlying dispute" since "the alter egos are treated as one entity"). They need not amend the complaint in a fashion that would make these defendants liable regardless of the avoidance of a judgment in order to do so.

10

existence. Espinal was a late addition to this case as a result of his opting in. But the fact that Espinal has chosen to join this lawsuit, as opposed to filing an entirely new one, does not provide justification for altering the deadlines in this case when those deadlines have been long established and when he would assert claims asserted by no other party in this case. The opt-in notice was intended to give employees a right to join the FLSA collective; it was not intended to give them a right to assert any other claims they might have against the employer. To the extent that Espinal's experience was not unique but instead was characteristic of how Defendants treated their employees, Plaintiffs have shown no good cause for why it could not have been discovered earlier on behalf of those other employees. *See Weng*, 2021 WL 1750305, at *3 (explaining that the justification that "[p]laintiff's original recollection of the relevant facts was imprecise and [p]laintiff's counsel failed to obtain from [p]laintiff all the details necessary to properly plead his claims *before* filing the Complaint, or at least before the amendment deadline . . . fails to identify external factors that amount to 'good cause' under Rule 16(b)(4), and only reinforces the lack of diligence on the part of Plaintiff and his counsel"). And to the extent that it is not representative but idiosyncratic to Espinal, Defendants would suffer prejudice from having to litigate an entirely new fount of litigation not presented by any other party.[6] It simply is not

---

[6] Defendants also argue that the claims for failure to provide meal periods and the failure to maintain payroll records are futile because there is no private right of action for those claims. The parties cite conflicting authority within this District on that issue. *Compare Singh v. Meadow Hill Mobile Inc.*, 2021 WL 3862665, at *3 (S.D.N.Y. Aug. 29, 2021) (stating that there is no private right of action for failure to provide meal periods and to maintain payroll records) *with Perdomo v. 113-117 Realty, LLC*, 2019 WL 6998621, at *6 (S.D.N.Y. Dec. 20, 2019) ("NYLL requires employers to provide employees with meal periods. N.Y. Lab. Law § 162. As such, plaintiff has plausibly alleged an NYLL violation, and therefore defendants' motion to dismiss this claim must be denied"). The Court need not address the issue.

11

true that the proposed claims will involve "the exact same evidence and discovery [as] those in the second amended complaint." Dkt No. 86 at 8.[7]

## CONCLUSION

The motion to amend is GRANTED in part and DENIED in part. Plaintiffs have leave to file an amended complaint consistent with this Opinion and Order by no later than May 2, 2022.

In addition, the filings before the Court having shown that the opt-in discovery is complete, the parties are ordered to appear before the Court for a telephonic status conference on May 17, 2022 at 2:00 p.m. and to be prepared to discuss a date for trial of this action. At that time, the parties should dial into the Court's teleconference line at 888-251-2909, Access Code 2123101#.

The Clerk of Court is respectfully directed to close Dkt. No. 84

SO ORDERED.

Dated: April 25, 2022
      New York, New York

                                      LEWIS J. LIMAN
                                   United States District Judge

---

[7] Plaintiffs rely on *Searson v. Concord Mortgage Corp.*, 2009 WL 3063316 (E.D.N.Y. Sept. 24, 2009*), adopting report and recommendation*, in which the court permitted an amendment adding new claims to a FLSA action, including a minimum wage claim, and rejected "the defendant's argument that the addition of the minimum wage claim would greatly complicate the litigation." *Id.* at *3. But in that case, the deadline to file amendments had not yet run, and the parties had conducted only preliminary discovery and had not deposed any of the individual defendants. *Id.* at *2–*3. The court thus had no occasion to consider whether such an amendment would satisfy the good cause standard of Rule 16.